FILED
United States Court of Appeals
Tenth Circuit

November 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHELE MCCLAFLIN,

    Plaintiff - Appellant,

v.

JODY BURD, individually; BOARD OF
COUNTY COMMISSIONERS OF KAY
COUNTY; KAY COUNTY JAIL
FACILITIES AUTHORITY,

    Defendants - Appellees.

No. 15-6072
(D.C. No. 5:14-CV-00043-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Michele McClaflin worked as a detention officer at the Kay County jail. After

she was fired for insubordination, she filed this action *pro se*, raising in her amended

complaint claims for breach of contract, due process violations, and negligence. In

response to the defendants' dispositive motions, the district court dismissed some of

Ms. McClaflin's claims and granted summary judgment on the rest. Ms. McClaflin

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

then appealed, and ordinarily we would review the district court's legal rulings *de novo*. But in this appeal Ms. McClaflin does not challenge the merits of the district court's rulings. Instead, in her opening brief she raises two entirely new procedural arguments she never raised before the district court.

First, Ms. McClaflin contends her due process rights were violated when employees of the district court clerk's office allegedly refused to file her evidence and instead told her that she should ask the defendants to file her evidence for her. This argument could have been but wasn't presented to the district court and, accordingly, it is forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

Second, Ms. McClaflin contends she did not receive notice of the district court's order awarding summary judgment to the defendants until 15 days after the order was entered. But if Ms. McClaflin here means to suggest the district judge was biased because he failed to send her the order, this argument fails because she provides no evidence of bias. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("The test [for bias] is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."). If instead Ms. McClaflin is alluding to procedural error from her claimed lack of notice, this argument fails because she admits that she received notice of the district court's order within three days of publication.

In her reply brief, Ms. McClaflin offers two more new arguments. She argues that the defendants perpetrated a fraud on the district court and the district court was

2

biased, not only in failing to timely send her the final summary judgment order, but apparently throughout the entire course of the district court proceedings. We decline to consider these arguments, however, because "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief[.]" *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). The closest Ms. McClaflin came to presenting these arguments in her opening brief on appeal came in one stray remark insufficient to permit our review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Indeed, even in her reply, Ms. McClaflin failed to support these arguments with any legal authority or record citations indicating where each issue was raised and ruled on by the district court. *See* Fed. R. App. P. 28(a)(8)(A) (requiring that an appellant's brief contain "citations to the authorities and parts of the record on which the appellant relies"). And even a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Ms. McClaflin's failure to present any properly preserved argument consistent with our procedural rules requires us to affirm the district court's judgment. The defendants' request to file a sur-reply is denied, as is Ms. McClaflin's motion to

strike the sur-reply.  Ms. McClaflin's motion to proceed on appeal *in forma pauperis* is granted.

Entered for the Court


Neil M. Gorsuch
Circuit Judge
