**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD JENNINGS FOGLE,

      Plaintiff - Appellant,

v.

JOHN PALOMINO, individually and in
his official capacity as former CCCF
Investigator,

      Defendant - Appellee.

No. 16-1261
(D.C. No. 1:14-CV-00880-KLM)
(D. Colo.)

_____

**ORDER**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on appellant Ronald Fogle's *Petition for Panel Rehearing and/or Petition for En Banc Decision*, his *"Supplemental" Petition for Panel Rehearing and/or Petition for En Banc Decision*, and the pleading filed on February 17, 2017, which is captioned as a *Petition to the Tenth Circuit Court of Appeals to Preside En Banc for a Writ of Mandamus*. Finally, we also have Mr. Fogle's *Motion for Appointment of Counsel.*

Upon consideration, and after reviewing all the pleadings, the request for panel rehearing is granted in part in response to the supplement filed on February 13, 2017. The Order & Judgment issued on February 6, 2017 is therefore vacated, and an amended version, which is attached to this Order, shall be substituted. The Clerk is directed to file

the amended Order & Judgment effective the date of this Order. Panel rehearing is otherwise denied by the original panel members. In addition, Mr. Fogle's request for a writ of mandamus and his motion to appoint counsel are also denied.

The original petition and the supplement, as well as the amended Order & Judgment, were also circulated to all the judges of the court who are in regular active service. As no judge on the original panel or on the court called for a poll, the request for en banc reconsideration is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

May 1, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD JENNINGS FOGLE,

     Plaintiff - Appellant,

v.

JOHN PALOMINO, individually and in
his official capacity as former CCF
Investigator,

     Defendant - Appellee.

No. 16-1261
(D.C. No. 1:14-CV-00880-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Ronald Fogle, an inmate in the custody of the Colorado Department of

Corrections, brought this pro se action seeking damages under 42 U.S.C. § 1983 against

John Palomino, a former investigator at the Crowley County Correctional Facility

(CCCF). He claims that his rights under the First, Eighth, and Fourteenth Amendments

were violated when, in retaliation for his sending a letter to an inmate at another

institution, he was placed in administrative segregation for two weeks and then was not

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

permitted to return to his job as a law clerk in the prison library. The United States District Court for the District of Colorado granted Mr. Palomino summary judgment and denied Mr. Fogle summary judgment. Mr. Fogle appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We construe pro se pleadings liberally but we do not serve as Mr. Fogle's advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Although he advanced additional claims in district court, we discern at most two claims in his appellate brief: (1) a procedural-due-process claim for being placed in segregation without notice or a hearing, and (2) a First Amendment retaliation claim asserting that he was punished "for writing a letter criticizing prison staff," Aplt. Br. at 8.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to Mr. Fogle. *See Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1218 (10th Cir. 2016).

The relevant facts are as follows: On September 2, 2012, Mr. Fogle wrote a letter to David Rohde, a former CCCF inmate then incarcerated at another facility, complaining about his supervisor at the law library. It was addressed to Mr. Rohde's daughter, apparently for forwarding to her father, but it was returned to the prison as undeliverable. Prison staff then read the letter and Mr. Fogle was placed in administrative segregation for about two weeks pending an investigation into whether the letter presented any security threats. He received no notice before his removal from the general prison population and he was provided no hearing.

2

We address the due-process claim first.  Procedural due process is generally required by the Fourteenth Amendment before a state deprives a person of property or liberty.  *See Brown v. Eppler*, 725 F.3d 1221, 1225 (10th Cir. 2013) ("Procedural due process guarantees apply . . . to those liberty and property interests encompassed by the fourteenth amendment." (internal quotation marks omitted)).  But Mr. Fogle has failed to show that he was deprived of a liberty interest protected by the Constitution.  In the prison context, "[a] protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012) (internal quotation marks omitted).  We typically consider four nondispositive factors in determining whether a segregation imposes such a hardship: "(1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate."  *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007).  In doing so, we "must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts."  *Id.*

Based on these factors, the district court concluded that the placement of Mr. Fogle in administrative segregation did not implicate a liberty interest.  Other than making a conclusory assertion that this case is distinguishable from an unpublished Tenth Circuit case, he makes no effort to challenge the court's conclusion, focusing instead on describing the process he believes was owed him before placement in segregation.

3

Because the district court's analysis is sound, we affirm the grant of summary judgment on this claim.

Mr. Fogle fares no better with his First Amendment retaliation claim. He argues that the district court erred in granting summary judgment because a reasonable jury could determine that he was punished for sending the letter to Mr. Rohde, an act that he asserts was constitutionally protected speech. Mr. Fogle might have a claim if he were an ordinary private citizen. But he is not. Although prisoners are protected by the Constitution, "[their] rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks omitted). The Supreme Court has "adopted a unitary, deferential standard for reviewing prisoners' constitutional claims: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (brackets and internal quotation marks omitted). We have held that the same reasonable-relation test applies when the challenge is to an action by a particular official, rather than a prison regulation. *See Boles v. Neet*, 486 F.3d 1177, 1181 n.4 ("Although plaintiff is not challenging a prison regulation per se, but rather Warden Neet's individual actions, [the reasonable-relation test] is no less applicable.")

The question before us, then, is whether prison officials, in light of the special safety requirements of the prison environment, reasonably responded to Mr. Fogle's letter by placing him in administrative segregation for two weeks pending an investigation of

4

the letter and then refusing to return him to his job in the prison library as a law clerk.

We quote the letter in full:

> Please Give To Dave:
>
> Hey Dave:                                                    Sept. 2, 2012
> Hope your well.  Smithy is paroling.  He will create Facebook.  Sometime Oct-Nov. 2012.  Mrs. T and/or Mrs. Terrones *has become a super police woman*.  Her sons', the convicts, would be sick to there stomachs to see their mother here at work.  She polices everything.  Even when she not at work.  She is a control freak.  We cannot show up to work on time.  We have to show up late.  Per Mrs. Terrones.  Programs polls are at 6:50 am and 7:00 am.  We are programs but we have to show up late <u>after</u> 7:30 am. *Crazy!  She lost-it.  Her convict sons need to talk to there mother and get her to quit.  She's bad-real bad.  She is always dropping <u>names</u> and <u>places</u> She cannot be trusted, point made*.  I am placing <u>alot</u> of distance between her and I.  *Stay away from her, she will ratt you out*.  You would never believe she the mother of convicts.  *So, you be careful*.  I gave her the information of your address to give to Kevin O'Hare, that was before I found out she went off the deep end.  No-body trust her, not even staff, especially not staff.
> Cole will be getting out in Nov. 2012.  I am still [illegible] that lawyer.  My appeals is still in the courts.  Keep in touch my friend.
>
> Ronnie

Pl.'s Mot. for Summ. J. at Ex. A, App., Vol. I at 83 (emphasis added).

There are several reasons why the letter would raise security concerns.  First, the method of delivery suggests an effort to avoid prison security systems.  Although it was directed to Mr. Rohde, an inmate incarcerated at another facility, it was mailed to Mr. Rohde's daughter with instructions to forward it to him—thereby circumventing any special restrictions on prisoner-prisoner communications.  And the content goes beyond mere complaining about Ms. Terrones, the library supervisor for Mr. Fogle.  It says that her "convict sons need to . . . get her to quit," and warns Mr. Rohde to "[s]tay away from

5

her" and to "be careful." To be sure, the letter does not explicitly request or threaten physical violence. But prison officials need not assume that inmates will speak in explicit terms if they plan disruptive behavior. It was certainly reasonable for them to think that the letter was a matter worth looking into and that the author should be temporarily isolated and then not work with Ms. Terrones. Courts "generally have deferred to the judgments of prison officials," *Shaw*, 532 U.S. at 229, and "prison officials are to remain the primary arbiters of the problems that arise in prison management," *id.* at 230. In light of our very limited role in supervising prison officials, we agree with the district court that Mr. Fogle has not presented evidence that would support a constitutional violation.

Finally, we address three other arguments that Mr. Fogle may be making in his appellate brief. He asserts that "the district court erred in dismissing plaintiff's claim that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances or the present civil rights action." Aplt. Br. at 10. But he fails to further develop this possible claim either factually or legally, and it apparently was not raised below. We have no obligation to address it. *See United States ex rel. Thomas v. Black & Veatch Special Projects Corp.*, 820 F.3d 1162, 1166 n.1 (10th Cir. 2016) ("Because these arguments were not raised in the district court, we do not consider them."). Second, he complains that "[t]he hearsay rule is unfair" given his inability to obtain affidavits from prison staff. Aplt. Br. at 15. But he suggests no facts that would save his claim. Third, he says that the district court should have granted his request to add additional defendants. The district court denied the request as futile. We

6

affirm that decision because Mr. Fogle has not attempted to explain how he had a proper claim against any of the proposed defendants.

We **AFFIRM** the judgment of the district court.  We **DENY** all pending motions.

Entered for the Court


Harris L Hartz
Circuit Judge