**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN COUCH,

    Plaintiff - Appellant,

v.

ELLEN MITCHELL; CHRISTINA
TROCHECK; MATT FISCHER,

    Defendants - Appellees.

No. 16-3309
(D.C. No. 5:15-CV-04926-DDC-KGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Steven Couch appeals the district court's order dismissing his claims. He has

not shown the district court erred, so we affirm.

## I. Background

Couch had an argument with his girlfriend that ended tragically when she shot

and killed herself. Police initially investigated her death as a homicide, and Couch

was arrested and charged in state court with first degree murder and felon in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm.  When further investigation revealed she committed suicide, the state charges were dismissed, but Couch ultimately pled guilty to felon in possession of a firearm in federal court.

Couch sued a deputy sheriff (Matt Fischer) and two prosecutors (Ellen Mitchell and Christina Trocheck) who were involved in the state investigation and prosecution.  He raised claims of malicious prosecution and abuse of process, and alleged the three conspired to violate his First, Fifth, Sixth, and Fourteenth Amendment rights.  The district court granted their motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  It found that Couch had failed to allege facts sufficient to establish any of his claims and, regardless, they were time-barred and all three defendants were entitled to qualified immunity.

## II. Analysis

Couch appears pro se, so we liberally construe his pleadings and ignore deficiencies as long as "we can reasonably read the pleadings to state a valid claim on which [he] could prevail." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal quotation marks omitted).  But Couch must follow the same rules of procedure as other litigants, and we cannot serve as his attorney by "constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Even under this liberal standard, Couch's opening brief falls short.  For example, he accuses the district court of "fail[ing] to rule on issues," "fail[ing] to review any facts," and "rul[ing] on grounds other than those presented to [it]."  Aplt.

Opening Br. at 2-4. But Couch does not identify any issues or facts the district court failed to address or any grounds for its ruling that were not adequately presented. He says the district court did not inform him of his rights under "Rule 56" or appoint an attorney to represent him, *id*. at 2-3, but he does not explain why either was required. Couch also says the statute of limitations did not accrue until he was sentenced in federal court, but he provides no analysis or authority for this argument. And regardless, the statute of limitations was only one ground for the district court's ruling. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds.").

Put simply, the cursory statements in Couch's opening brief are inadequate to preserve any issues for review. *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) ("[C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine.").

### III. Conclusion

We affirm the district court's order of dismissal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3