**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

JOHN JAY POWERS,

     Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant - Appellee.

No. 16-1490
(D.C. No. 1:16-CV-00134-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Federal prisoner John Jay Powers appeals pro se[1] from the district

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Powers is a pro se litigant, we liberally construe his filings. *Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011). But we don't "construct[] arguments" or "search[] the record" to find support for his positions. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

court's order denying his motion for a preliminary injunction.[2] Because the district court didn't abuse its discretion in denying Powers' motion, we affirm.

## I

Powers is incarcerated in the United States Penitentiary in Florence, Colorado (USP-Florence). Powers "has incurred multiple disciplinary sanctions that have resulted in fines or restitution for destruction of property." R. 55. Powers filed this civil action against the Federal Bureau of Prisons (BOP), alleging that the BOP unlawfully "encumbered" his prisoner trust fund account to collect those fines and that restitution. *Id.* at 106.

More specifically, Powers asserts that the BOP's refusal to release the encumbrance leaves him with a negative account balance and thereby prevents him from "obtain[ing] legal assistance and/or communicat[ing] with counsel"—activities he says are necessary so that he can seek post-conviction relief, request executive clemency or commutation of his sentence, and litigate various civil rights actions. *Id.* at 107-08. Thus,

---

[2] With the parties' consent, a magistrate judge ruled on the motion. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Powers claims, the BOP is depriving him of his constitutional right to counsel by refusing to release his encumbered funds.[3]

After filing his complaint, Powers moved for a preliminary injunction directing the BOP to release his encumbered funds and make them available to Powers for his use in obtaining legal counsel, purchasing telephone and email credits to communicate with counsel, and purchasing envelopes and postage stamps.

In ruling on the motion, the district court construed Powers' second amended complaint as asserting only one claim: the BOP's refusal to release the encumbrance violates Powers' Sixth Amendment right to counsel.[4] The court determined that Powers sought a mandatory

---

[3] Powers initially sued T. Cozza-Rhodes, the then-current warden at USP-Florence, and five former wardens. Powers sought damages and injunctive relief, alleging the defendants deprived him of his rights under the First, Fifth, and Eighth Amendments by freezing his trust fund account. After the district court identified deficiencies in Powers' complaint, Powers filed a first amended complaint asserting the same claims against Cozza-Rhodes and K. Meier, USP-Florence's trust-fund manager. Powers then moved for a preliminary injunction against the BOP, and with leave of court, filed a second amended complaint naming the BOP as the sole defendant. In the second amended complaint, Powers seeks injunctive relief, but not damages.

[4] The district court considered Powers' prior pleadings and construed the second amended complaint as (1) abandoning his previously asserted claims under the First, Fifth, and Eighth Amendments and (2) asserting only the Sixth Amendment right-to-counsel claim. In his appellate briefs, Powers refers to his First Amendment rights to communicate with counsel and access the courts and to his Fifth Amendment due process rights. But he doesn't directly challenge the district court's construction of his second

3

preliminary injunction because he asked the court to order the BOP to release the encumbrance. *See Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (explaining that mandatory injunctions "require the 'nonmoving party to take affirmative action . . . before a trial on the merits occurs'" (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009))). And the court concluded that Powers failed to make the "strong showing" necessary to obtain such an injunction. R. 123. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc) ("[A] party seeking [a mandatory] injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ."). Powers appeals.

## II

We review the denial of a motion for preliminary injunction for abuse of discretion. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). In applying this standard, "we examine the district court's legal determinations de novo, and its underlying factual findings for clear error." *Tyson Foods, Inc.,* 565 F.3d at 776. But "[o]ur review of a district

---

amended complaint as limited to the Sixth Amendment claim. Because he has thus waived any argument on that point, *see Garrett*, 425 F.3d at 841, we adopt the district court's construction of the second amended complaint for purposes of this interlocutory appeal.

court's exercise of discretion is narrow, and we consider the merits of the case only as they affect that exercise of discretion." *Id.*

"To obtain a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co.*, 552 F.3d at 1208.

Preliminarily, the BOP argues that Powers waived appellate review through inadequate briefing. *See Garrett*, 425 F.3d at 841 (emphasizing that even pro se litigants can waive appellate review by failing to adequately develop issues and comply with procedural rules). We agree that Powers' doesn't fully develop the arguments presented in his opening brief. But construing his pro se brief liberally, as we must, we discern three challenges to the district court's ruling.[5]

First, Powers seems to argue that the court erred in concluding that he failed to show a substantial likelihood of success on the merits. Powers' merits claim rests on his assertion that he has a constitutional right to

---

[5] Additionally, we note that after the BOP pointed out various deficiencies in Powers' opening brief, Powers remedied many of those deficiencies in his reply brief. Thus, we exercise our discretion to review Powers' arguments. *See Garrett*, 425 F.3d at 841 (noting this court's discretion to consider merits despite inadequate briefing).

retain counsel to pursue post-conviction matters and civil rights actions. But as the district court concluded, Powers' theory lacks legal support. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (noting that "plaintiffs have no Sixth Amendment right to counsel in a civil case").

Nonetheless, Powers argues that because he seeks to retain counsel—rather than to obtain appointed counsel—*Luis v. United States*, 136 S. Ct. 1083 (2016), supports his position. In *Luis*, the Court held that "the *pretrial* restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 136 S. Ct. at 1088 (emphasis added). As the district court pointed out, Powers isn't a criminal defendant awaiting trial. Rather, he is a convicted federal prisoner who wishes to retain legal counsel to pursue post-conviction remedies and civil rights actions. *Luis* simply doesn't support Powers' argument. Thus, we agree with the district court that Powers' failed to show—much less make a "strong showing"—that he has a substantial likelihood of success on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 976.

Second, Powers appears to argue that the district court erred in treating his motion as one seeking a mandatory preliminary injunction. But Powers sought exactly that. Powers asked the district court to order the BOP to release the encumbrance on his trust fund account, or at the very least to release specific amounts of his "encumbered" funds, so he can retain legal counsel and purchase telephone credits, email credits, envelopes, and stamps to communicate with counsel. R. 42. Thus, contrary to Powers' assertion, the district court applied the proper legal standard when it required Powers to make a "strong showing" before he could obtain a mandatory preliminary injunction. *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 976.

Third, and finally, Powers seems to allege that the district court made a clearly erroneous factual finding when it mentioned the BOP's assertion that Powers can, in fact, use his encumbered funds to buy telephone and email credits, postage stamps, envelopes, and writing materials. But the court mentioned this point in considering whether Powers made a showing of irreparable harm. Because Powers failed to make a strong showing of a substantial likelihood of success on the merits, we need not address whether Powers made a showing of irreparable harm. In any event, the record amply supports that Powers does, in fact, have access to writing materials, postage stamps, and envelopes.

*   *   *

Because Powers hasn't shown that the district court abused its discretion in denying his motion for a preliminary injunction, we affirm. Nevertheless, we grant Powers' motion to proceed on appeal without prepayment of fees and remind him that he remains obligated to continue making partial payments until he has paid all fees in full.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8