PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DELMER GARRETT,

               Plaintiff - Appellant,

v.

SELBY CONNOR MADDUX &
JANER; JERRY MADDUX; TOM
JANER; JOE L. WHITE,

               Defendants - Appellees,

RICK ESSER, KAREN CARDEN
WALSH AND CURTIS DELAPP,

               Defendants.

No. 04-5187

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 04-CV-395 JHP-FHM)**

---

Delmer Garrett, *pro se.*

_____

James W. Connor, Jr., Thomas D. Hird, Elizabeth A. Hart, Richards & Connor,
Tulsa, Oklahoma, and Joe L. White, Collinsville, Oklahoma, for Defendants-
Appellees.

---

Before **HARTZ, McKAY** and **PORFILIO**, Circuit Judges.

---

**HARTZ** , Circuit Judge.

Pro se Plaintiff Delmer Garrett appeals the dismissal of his claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962, and 1964, against the law firm of Selby, Conner, Maddux & Janer and several individual attorneys. We have jurisdiction under 28 U.S.C. § 1291, and affirm[1].

## I. BACKGROUND

### A. District Court Proceedings

Plaintiff's complaint alleged that Defendants violated RICO by "engag[ing] in various schemes intended to use sham legal process to defraud and extort money and property from American citizens." R. Vol. I, doc. 1 at 2-3. To state a RICO claim, a plaintiff must set forth "four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity must include commission of at least two predicate acts." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003) (internal quotation marks and citation omitted). The complaint alleged the following

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

predicate acts: (1) submitting false evidence in a 1999 Oklahoma court proceeding in violation of Okla. Stat. Ann. tit. 21, § 451; (2) suborning the perjury of Carlotta Gordon in violation of Okla. Stat. Ann. tit. 21, § 504; (3) inducing Carlotta Gordon to commit perjury in violation of Okla. Stat. Ann. tit. 21, § 496; (4) aiding and abetting Carlotta Gordon in using a false instrument concerning real property, in violation of Okla. Stat. Ann. tit. 21, § 1500; (5) aiding and abetting Carlotta Gordon in the malicious prosecution of Dwayne Garrett; (6) preparing and submitting false documents in a bankruptcy court in Oklahoma; (7) preparing and submitting false and fraudulent documents in a 1994 Oklahoma state district court proceeding; and (8) preparing and submitting false and fraudulent documents in an Oklahoma Supreme Court proceeding. At the outset we note that it is doubtful that any of the alleged acts in state court constitutes a predicate act under RICO. *See* 18 U.S.C. § 1961 (listing qualifying predicate acts); *Deck*, 349 F.3d at 1257 ("[T]ampering with a witness in a state judicial proceeding . . . is not a RICO predicate act.").

In any event, Defendants moved to dismiss the case on several grounds, including: (1) the district court lacked subject-matter jurisdiction; (2) the complaint failed to state a claim; (3) Plaintiff lacked standing; (4) the action was vexatious and frivolous; (5) the limitations period had expired; (6) the claims were barred by issue or claim preclusion; (7) the complaint was actually filed by

Plaintiff's son, Dwayne Garrett, in violation of filing restrictions;[2] and (8) the complaint should be dismissed as a sanction for discovery abuses.

The district court summarily granted Defendants' motions to dismiss. Plaintiff filed a timely notice of appeal.

## B. Proceedings on Appeal

In his opening brief to this court Plaintiff contends that the district court erred in dismissing his complaint. He asserts that the district court erred (1) in dismissing the case without allowing Plaintiff to present witnesses and evidence to a jury; (2) in requiring more from Plaintiff than a short and plain statement of the claim; (3) in denying Plaintiff the right to submit evidence; (4) in requiring Plaintiff to engage an attorney; (5) by considering the lawyers' statements to be facts; (6) in applying claim preclusion; (7) in not applying the last-act doctrine to the statute-of-limitations defense; (8) in applying the *Rooker/Feldman* Doctrine, *see Rooker v. Fidelity Trust,* 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); and (9) in failing to enter a default judgment against Joe White for failing to answer the complaint. With the exception of the discussion of the *Rooker/Feldman* Doctrine, each point is stated in a sentence or two and is presented without reference to legal authority or supporting facts. The

---

[2]We have previously upheld filing restrictions placed upon Dwayne Garrett by the Northern District of Oklahoma. *See Garrett v. Esser*, 53 Fed. Appx. 530, 2002 WL 31839853 (10th Cir. 2002) (unpublished).

*Rooker/Feldman* discussion argues that several exceptions to the doctrine apply, but Plaintiff fails to explain how his claim fits into any of the exceptions.

The bulk of Plaintiff's brief is devoted to personal attacks on the district judge. A few of the more outrageous examples are as follows: "[The judge], presumed himself to be God Almighty, empowered to do anything he wanted no matter what any old rule might say." Aplt. Br. at 3. "[The judge] gave Delmer Garrett a good screwin' sooner than later in contempt for every ideal of justice, fair play, honor, or anything else save for [the judge's] obsession with hurting people for money." *Id.* "[The judge] is either so dumb he is pathetic or [the judge] is nothing in the world but an out and out crook." *Id.* "[The judge] is obviously a cry baby who gets willy willy upset when anyone dares to question whether [the judge] is God or perhaps even higher than God[.]" *Id.* at 4 "The American people have had enough of sick jokes like [the judge] screwin' them out of money and property and aiding and abetting such heinous acts as wrongful death." *Id.* "To the diseased mind of [the judge], 'business associates, they don't gotta' answer nothing 'cuz, we ain't in no court of law here where some rules apply; I'm, uh, I'm above God, 'n I make the rules cuz my bar friends need to rob people to make a livin' and I like screwin' people.'" *Id.* at 6.

Defendants responded by thoroughly briefing the following grounds for affirmance: (1) the appeal should be dismissed as frivolous, malicious, and

abusive; (2) Plaintiff's claims are an attempt to circumvent filing restrictions placed upon Dwayne Garrett; (3) the claim was properly dismissed due to Plaintiff's failure to appear for his deposition or otherwise cooperate with discovery; (4) the claims are barred by issue or claim preclusion; (5) the claims are barred by the statute of limitations; and (6) the complaint's allegations are too conclusory.

In his reply brief Plaintiff repeats verbatim each issue listed in his opening brief. Following each restatement he adds: "Whereas this court shall notice: no appellee controverted this point; no appellee made any effort whatsoever to show this court why Delmer Garrett was wrong on [this] point on appeal. This confession by appellees alone warrants reversal and remand with instruction to go forward on Delmer Garrett's claims." Aplt. Reply Br. at 2, *et seq.* Plaintiff's only response to Defendants' grounds for affirmance is as follows:

> As appellee's so-called proposition four and proposition five appear to be a vain attempt to answer Delmer Garrett's sixth, seventh, and eighth points, Delmer Garrett notices this court that the absolutely venal, chimerical nonsense embodied in the appellees so-called propositions four and proposition five rise to the level of fraud on this court. The putative and implied arguments are three: (1). That Delmer Garrett's claims are barred by claim preclusion—Truth: claim preclusion requires a trial on the merits. This court shall not notice so much as one prior case where there was ever a due process adjudication of any of the claims, (2). That Delmer Garrett's claims are time-barred. Truth: this court wants an explanation of how acts beginning October of 2003 and continuing contemporaneously with this appeal can be time-barred. It is also true that the appellees allegation that crimes which are part of the same pattern of

transaction occurrences cannot be considered by the court contravenes United States Supreme Court Doctrine commonly known as the *last act doctrine*, and (3). That review of state court claims is barred by the Rooker/Feldman doctrine. Truth: The Rooker/Feldman doctrine is inapplicable where the state court actions [were] obtained by fraud.

. . .

The so-called brief of appellees is overloaded with vile effrontery, worrisome prevarication, and ad hominem attacks, which unlike the commentaries of Delmer Garrett have no basis in fact, and save for the [s]o-called propositions four and five, cannot be lawfully noticed by this court and warrant sanction as a glowing example of violation of every code know[n] to jurisprudence.

Aplt. Reply Br. at 9-10.

## II.    DISCUSSION

We affirm the judgment below because Plaintiff has forfeited his right to a review of that decision. His briefs in this court contain no argument of substance, and the scurrilous tone convinces us to refrain from exercising any discretion we may have to delve for substance in a pro se pleading.

Plaintiff's briefs are wholly inadequate to preserve issues for review. Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal

-7-

quotation marks omitted).  Thus, although we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  *See id.* ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Plaintiff's briefs do not come close to complying with Federal Rule of Appellate Procedure 28.  Subparagraphs (a)(5)-(9) of the Rule, for example, require an appellant's brief to contain "a statement of the issues presented for review," "a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below," "a statement of facts relevant to the issues submitted for review with appropriate references to the record," "a summary of the argument, which must contain a succinct, clear and accurate statement of the arguments made in the body of the brief," and "the argument, which must contain: appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Under Rule 28, which "applies equally to pro se litigants," a brief "must contain . . . more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  "[W]hen a

-8-

pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.*

Plaintiff has listed several issues for appeal and has subheadings of "Supporting Facts and Argument," but his statement in support of each issue consists of mere conclusory allegations with no citations to the record or any legal authority for support. "We do not consider merely including an issue within a list to be adequate briefing." *Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002). "[I]ssues will be deemed waived if they are not adequately briefed." *Id.*

In short, the inadequacies of Plaintiff's briefs disentitle him to review by this court. We still may possess discretion to consider his appeal; but any inclination we might have to explore whether some merit lies beneath his bald assertions evaporates when we confront his disrespect for the courts.

Plaintiff's briefs on appeal do little more than attempt to impugn (without basis) the integrity of the district judge. Such writings are intolerable, and we will not tolerate them. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (6th Cir. 1993).

"[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (citing Fed. R. Civ. P. 12(f) ("[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")).  In *Theriault v. Silber*, 579 F.2d 302 (5th Cir. 1978), the court dismissed an appeal with prejudice because  the appellant's notice of appeal contained "vile and insulting references to the trial judge."  Although recognizing the leniency typically given to pro se plaintiffs, the court stated:  "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents.  Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Id*. at 303.  *See also Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959)  ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant . . . as either scandalous, impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this Court.")  A like response is called for in this case.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court.  We also DENY

Plaintiff's motion to disqualify all judges of this court.

**PORFILIO**, Circuit Judge, concurring in result.