**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND STEIGELMAN,

        Plaintiff - Appellant,

v.

LEVI McDANIEL, and J. DARBY, individually and in their official capacities as police officers for the City of Bloomfield,

        Defendants - Appellees.

No. 15-2159
(D.C. No. 1:13-CV-01076-MV-KBM)
(D. of N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.

---

Raymond Steigelman appeals the district court's grant of summary judgment to two Bloomfield, New Mexico, police officers on the basis of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Steigelman alleges excessive force by the officers based on an encounter in a bar in Bloomfield, New Mexico. At the time, Steigelman was on probation and could not be in possession of any alcoholic substance or be in a location that sells

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alcohol. Several bar employees asked him to leave, but he refused and an altercation followed. The employees called police. Steigelman had brought his service dog with him to the bar, but does not dispute that the police were called because of his belligerent behavior and not because of the dog.

The responding officers learned of Steigelman's probation conditions before arriving on the scene. Once at the bar, they asked Steigelman to step outside and told him he was not allowed to be at a location serving alcohol. The officers repeatedly asked Steigelman to leave voluntarily. Eventually, Steigelman requested that the officers arrest him, which they did. Steigelman claims he was thrown against a wall and that his head hit a police car during the arrest. He eventually pleaded guilty to disorderly conduct.

Steigelman subsequently filed suit in state court for wrongful arrest and excessive force. The officers removed the case to federal court. In a thorough opinion and order, the district court granted the officers' motion for summary judgment on the basis of qualified immunity as to Steigelman's claims of wrongful arrest and excessive force.[1]

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly

---

[1] To the extent any of the claims presented in Steigelman's pro se brief to this court differ from the two claims he presented to the district court, we refuse to consider new arguments raised for the first time on appeal. *See Tele-Comms. Inc. v. CIR*, 12 F.3d 1005, 1007 (10th Cir. 1993).

established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (alteration omitted). We construe liberally the pleadings filed by pro se litigants, but we do not act "as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "We review a grant of summary judgment on the basis of qualified immunity de novo." *Harman v. Pollock,* 586 F.3d 1254, 1260 (10th Cir. 2009).

To survive summary judgment after a defendant has claimed qualified immunity, the plaintiff must demonstrate both: "(1) that the defendant's actions violated a constitutional or statutory right and (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1150 (10th Cir. 2006). The Supreme Court has held that the federal district and appellate courts have discretion to determine which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson*, 555 U.S. at 236.

In this case, the officers did not violate Steigelman's constitutional rights. Therefore, we need not address whether those rights were clearly established.

Steigelman's first claim was for wrongful arrest without probable cause. While it is not clear that he has presented this claim on appeal, we can easily affirm on the merits. As the district court found, there was ample probable cause for the officers to believe that Steigelman had violated either New Mexico statutes or Bloomfield municipal ordinances prohibiting disorderly conduct. *See* N.M.S.A. 78 § 30-20-1; Bloomfield Municipal Ordinance Sec. 11-78. Steigelman even pleaded guilty to this charge. This probable cause justified the arrest, even if it was not the officers' stated cause for arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The arrest did not violate Steigelman's constitutional rights.

The second claim alleged excessive use of force during the arrest. In the district court, Steigelman argued that because the arrest was unconstitutional, the officers could not reasonably use any force in effectuating it. We agree with the district court that this claim must fail because we found the arrest itself legal. Some force may be used in effectuating an arrest so long as it is "objectively reasonable" under the circumstances. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir. 2002). Steigelman's sole argument in the district court was that no force could be used because the arrest was illegal. And any alternative arguments presented for the first time on appeal are waived and we will not consider them. *See Richison v. Ernest Grp. Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

We AFFIRM the district court's grant of summary judgment to the officers and GRANT Steigelman's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge