**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN NASH,

     Plaintiff - Appellant,

v.

WAL-MART STORES, INC.;
LOUISVILLE LADDER, INC.,

     Defendants - Appellees.

No. 17-1092
(D.C. No. 1:15-CV-02330-RM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. Steven Nash fell off a 7-foot step ladder and sued the

manufacturer (Louisville Ladder, Inc.) and retailer (Wal-Mart Stores, Inc.),

alleging negligence, strict liability, and breach of an implied warranty. In

district court, Mr. Nash retained Mr. Robert D. Fritz as an expert witness.

_____

[*]    We conclude that oral argument would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Louisville and Wal-Mart moved to strike the expert and to grant summary judgment. After a hearing, a magistrate judge issued a proposed disposition, which would grant the motion to strike based on the unreliability of the expert's opinion.

On de novo review, the district judge agreed to grant the motion to strike based on unreliability of the opinion; but the district judge also relied on Mr. Fritz's lack of qualifications regarding step ladders. Without Mr. Fritz's opinion testimony, the district judge concluded that Mr. Nash had not established a genuine issue of material fact. Thus, the district judge granted not only the defendants' motion to strike but also their motion for summary judgment.

At the time of these rulings, Mr. Nash was represented by counsel. But Mr. Nash is appearing pro se in this appeal. Mr. Nash's pro se status requires us to liberally construe his filings, but we do not serve as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even liberally construed, Mr. Nash's filings do not provide any plausible basis to disturb the district judge's rulings. Thus, we affirm.

\* \* \*

*Standards of review*. The opinion testimony could be admitted into evidence only if the expert was qualified and his opinion testimony was reliable. Fed. R. Evid. 702. Finding both requirements unsatisfied, the

district judge granted the motion to strike. We review this ruling for an abuse of discretion. *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1216 (10th Cir. 2016).

The district judge also granted the defendants' motion for summary judgment. This part of the ruling is subject to de novo review. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). In applying this standard, we view the evidence in the light most favorable to Mr. Nash, resolving all factual disputes and reasonable inferences in his favor. *See id.*

*Mr. Nash's appellate arguments*. Mr. Nash presents six arguments:

1. The defendants have not questioned the expert's report or his calculations.

2. The magistrate judge relied on the expert's failure to produce calculations, but the expert was not to blame for the failure to produce these calculations.

3. If Mr. Nash had been allowed to speak at the hearing, the outcome might have been different.

4. In the final judgment, the district judge did not refer to the expert's calculations.

5. The defendants' counsel conducted an inaccurate demonstration at a hearing before the magistrate judge.

6. The step ladder did not satisfy standards established under the American National Standards Institute.

These arguments are meritless.

*Discussion of Mr. Nash's appellate arguments*. Mr. Nash denies that the defendants had questioned the expert's report or his calculations. But the defendants did challenge the report, filing a motion to strike that disputed both Mr. Fritz's qualifications and the reliability of his opinions. As for the calculations, this characterization is misleading. Until Mr. Nash objected to the magistrate judge's proposed disposition, the defendants had not obtained the expert's calculations. Without those calculations, the defendants had argued that they could not ascertain how the expert was reaching his conclusions.[1] Mr. Nash's misleading characterization does not suggest any error in the rulings.

In addition, Mr. Nash argues that the expert was not to blame for the failure to produce his calculations. This argument is puzzling. In his appeal briefs, Mr. Nash acknowledges that he disagreed from the outset with the expert's refusal to produce his calculations. Appellant's Opening Br. at 4; *see also* Appellant's Reply Br. at 3 (agreeing that his expert should have presented his calculations at the hearing). The magistrate judge concluded that the failure to produce the calculations supported striking of the expert's opinion testimony.

---

[1] As discussed below, Mr. Nash ultimately furnished the calculations when he objected to the magistrate judge's proposed disposition. Once the calculations were furnished, the defendants argued that Mr. Nash had furnished them too late, that Mr. Nash had waived his argument by failing to present it to the magistrate judge, and that the expert's calculations were not part of his report.

But the calculations were later furnished to the district judge, and he considered the issue de novo without relying on the expert's delay. Thus, the failure to produce the calculations ultimately played no role in the district judge's decision to strike the expert.

Mr. Nash also argues that if he had been allowed to speak at the hearing, he could have elicited the expert's opinions and influenced the magistrate judge's proposed disposition. But Mr. Nash had asked the court to appoint counsel. R. at 123-27. According to Mr. Nash, he was quieted by his attorney, not by a judge. We have no basis to reverse based on the attorney's quieting of Mr. Nash.

Mr. Nash also states that the district judge's final judgment did not reflect consideration of the expert's calculations. This statement is true, but the district judge also issued an order discussing the expert's opinions. Though the district judge had no obligation to consider the expert's tardy information, the judge did so anyway. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011) (holding that issues are waived when raised for the first time in objecting to a magistrate judge's proposed disposition).

In addition, Mr. Nash argues that the defense counsel conducted an inaccurate demonstration before the magistrate judge. But the magistrate judge's proposed disposition was subject to de novo review, and we have

no reason to believe that the demonstration influenced the district judge's decision to strike Mr. Nash's expert.

Finally, Mr. Nash argues that the step ladder was deficient under the standards established by the American National Standards Institute. But Mr. Nash did not present this argument in district court.[2] We could ordinarily consider this issue for plain error, but we decline to do so because Mr. Nash has not urged plain error. *See Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1238-39 (10th Cir. 2016).

\* \* \*

Mr. Nash's arguments do not support reversal of the district court's striking of the expert or the court's award of summary judgment to the defendants. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]     He was represented by counsel at the time.