**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

NICOLE B. STREETER,

     Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner, Social Security
Administration,

     Defendant - Appellee.

No. 17-5040
(D.C. No. 4:15-CV-00438-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

    Nicole B. Streeter, proceeding pro se, appeals from a district court order

affirming the Commissioner's denial of disability insurance benefits (DIB) and

supplemental security income (SSI). We have jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g). Ms. Streeter has not asserted any factual or legal challenge

to the decisions, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Streeter applied for DIB and SSI claiming an inability to work since 2011, at age 39, due to hypertension, a history of cervical, thoracic and lumbar strains, depression, and panic attacks. She completed college and previously worked as packer/sorter, boys monitor, and residential counselor. An administrative law judge (ALJ) held a hearing, which Ms. Streeter elected not to attend, and found Ms. Streeter not disabled.

The ALJ found that Ms. Streeter had severe impairments of hypertension, a history of spinal strains, depression, anxiety, and panic attacks. Despite these impairments, the ALJ found Ms. Streeter has the residual functional capacity (RFC) to perform a range of medium work, as that is defined in 20 C.F.R. § 404.1567(c), except she is limited to simple, routine tasks involving no more than superficial contact with coworkers and supervisors and no contact with the public, and she must avoid unprotected heights and dangerous machinery. The ALJ concluded that Ms. Streeter could not return to her past work, but could perform other jobs that exist in significant numbers in the national economy, including medium work of industrial cleaner and housekeeper/maid, light work of sorter and hand packer, and sedentary jobs of clerical mailer and assembler. In making this determination, the ALJ relied on the medical evidence, Ms. Streeter's statements, the record, and the testimony of a vocational expert.

Ms. Streeter appealed pro se, and the parties consented to proceed before a magistrate judge under 28 U.S.C. § 636(c). Ms. Streeter did not articulate any factual

or legal challenge to the ALJ's decision, but she did include a paragraph in her district court brief describing the findings of Dr. Snider, a consultative psychologist. Dr. Snider determined that Ms. Streeter would be able to understand and carry out simple instructions, but would have marked difficulty with complex instructions and with concentrating through a normal work day and work week due to psychiatric symptoms. Dr. Snider opined that with consistent psychiatric care, Ms. Streeter's symptoms would improve.

The magistrate judge construed Ms. Streeter's pro se brief liberally as a challenge to the ALJ's RFC determination because the ALJ arguably found Ms. Streeter more capable than had Dr. Snider. But the magistrate judge determined that the ALJ accurately described Dr. Snider's findings and had given it some weight. The magistrate judge explained that the ALJ concluded Dr. Snider's opinion that Ms. Streeter would have marked difficulty concentrating through a normal work day and week was based only on Ms. Streeter's subjective complaints, and was not supported by other mental status examinations and findings of other mental health providers. The magistrate judge ruled that this finding, and the ALJ's RFC determination, were supported by substantial evidence, and he affirmed.

II.

Ms. Streeter appears pro se, so we liberally construe her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even under this liberal standard, Ms. Streeter's opening brief falls short. Ms. Streeter states that she needs disability benefits because she cannot work, but she

3

does not articulate any reason why she believes the ALJ or the magistrate judge applied the wrong law, incorrectly evaluated the medical evidence, or otherwise erred. Even pro se appellants must allege sufficient facts on which a recognized legal claim can be based; conclusory allegations will not suffice. *Hall*, 935 F.2d at 1110.

We cannot serve as an advocate or attorney for a pro se litigant by "constructing arguments and searching the record" on her behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). "Arguments inadequately briefed in the opening brief are waived." *Adler v. Wal-Mart Stores Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). This is true even where the litigant proceeds pro se. *See Garrett*, 425 F.3d at 841.

Ms. Streeter states that she has severe impairments. But the ALJ explained why he concluded she still had the capacity to work despite her severe and non-severe impairments, and Ms. Streeter does not offer any reason why his conclusion is flawed. A finding of severe impairments does not require the ALJ to conclude a claimant is unable to work. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). Ms. Streeter states that Dr. Snider said she had difficulty concentrating and maintaining a normal work week. But she does not dispute the magistrate judge's conclusion that the ALJ properly evaluated Dr. Snider's opinion and that the ALJ's RFC determination was supported by substantial evidence.

4

"[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [her] legal contentions." *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (internal quotation marks omitted). Under the rules of appellate procedure, "which appl[y] equally to pro se litigants, a brief must contain more than a generalized assertion of error." *Garrett*, 425 F.3d at 841 (ellipsis and internal quotation marks omitted); *see* Fed. R. App. P. 28(a)(8)(A) ("[A]ppellant's brief must contain . . . citations to the authorities and parts of the record on which the appellant relies."). "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (brackets and internal quotation marks omitted).

Because Ms. Streeter failed to articulate any factual or legal argument on appeal, she has forfeited appellate review. *See id.* at 840. Nevertheless, we have exercised our discretion to review the record, *see id*. at 841, and find no reversible error, *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (explaining we review the Commissioner's decision to determine if substantial evidence in the record supports the Commissioner's decision and that correct legal standards were applied).

Judgment affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5