FILED
United States Court of Appeals
Tenth Circuit

May 3, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN DURAN,

      Plaintiff - Appellant,

v.

CPL. JASON B. MUSE; TULSA
POLICE DEPARTMENT; CITY OF
TULSA,

      Defendants - Appellees.

No. 17-5109
(D.C. No. 4:16-CV-00717-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

This appeal grew out of an effort by Tulsa police to investigate the
welfare of a 6-year-old girl. The investigation led the police to the home of
her father, Mr. Jonathan Duran. Mr. Duran refused to allow the police to
enter even after they had obtained a verbal emergency custody order.

---

[*]    The parties do not request oral argument, and it would not materially
help us to decide this appeal. As a result, we decide the appeal based on
the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Police ultimately forced their way inside and arrested Mr. Duran for obstruction.

Mr. Duran sued the city, the police department, and a police officer, invoking 42 U.S.C. § 1983. The district court interpreted the complaint to contain Fourth Amendment claims for unreasonable search and seizure, false arrest, false imprisonment, and malicious prosecution. With this interpretation of the complaint, the district court

- dismissed the claims of false arrest, false imprisonment, and malicious prosecution and

- granted summary judgment to the defendants on the claim for unreasonable search and seizure.

**I. Dismissal**

In considering the dismissal, we engage in de novo review. *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015). This review calls on us to credit the complaint's well-pleaded allegations and construe them in the light most favorable to Mr. Duran. *See id.*

The district court correctly applied the standard for dismissal and carefully explained the facial deficiencies for the claims of false arrest, false imprisonment, and malicious prosecution. Mr. Duran has not given a persuasive reason to question the district court's analysis. Thus, we affirm the dismissal.

## II. Summary Judgment

Mr. Duran has also failed to persuasively challenge the ruling on summary judgment. Here too we exercise de novo review. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1279 (10th Cir. 2013). Rather than credit the plaintiff's allegations in the complaint, we view the evidence in the light most favorable to the plaintiff. *Id.* Viewing the evidence in this light, we can uphold the grant of summary judgment only if the defendants established an entitlement to judgment as a matter of law and the absence of a genuine dispute over a material fact. Fed. R. Civ. P. 56(a).

Applying this standard, we agree with the district court's award of summary judgment on the claim of unreasonable search and seizure. For this claim, Mr. Duran contended that the police officers

- had needed a warrant to enter the house and

- had failed to knock and announce the presence of police.

The district court observed that the defendants' documentary evidence had established a verbal order authorizing forced entry, which was the equivalent of a warrant. We have found an order to take a child to a juvenile shelter, pending an investigation into possible abuse, to be "tantamount" to an arrest warrant. *See J.B. v. Washington Cty.*, 127 F.3d 919, 930 (10th Cir. 1997). Thus, even without a warrant, entry into the house would not have violated the Fourth Amendment. *See Wernecke v. Garcia*, 591 F.3d 386, 395 (5th Cir. 2009) ("Under the Fourth Amendment,

3

we find it reasonable and permissible for state workers in possession of a facially valid temporary custody order, with a duty under state law to take care of the child, to enter the child's home to look for the child."). And, as the district court pointed out, Mr. Duran had failed to create a genuine dispute on whether the police officers had knocked and announced their presence. On appeal, Mr. Duran has not given a persuasive reason to question the district court's analysis.

## III. New Claims

In his appeal briefs, Mr. Duran also raises new claims, including First and Fourteenth Amendment claims on his own behalf and due process and Fourth Amendment claims on behalf of his daughter. We decline to consider claims not presented in district court. *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1270-71 (10th Cir. 2000).

## IV. Other Issues

In his appeal briefs, Mr. Duran mentions other issues, such as the denial of a motion to compel information from Officer David Pyle of the Tulsa Police Department, the denial of a request for handwriting exemplars, and the denial of a motion to extend the discovery deadline. These issues are not adequately briefed for meaningful appellate review, and we decline to consider them. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005).

4

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge