FILED
United States Court of Appeals
Tenth Circuit

September 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT F. LAIN,

    Defendant - Appellant,

and

AMELIA LAIN; SEPTEMBER LIBERTY
TRUST,

    Defendants.

------------------------------

DOUGLAS J. CARPA, Trustee,

    Movant.

No. 19-8014
(D.C. No. 2:17-CV-00113-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert F. Lain, proceeding pro se,[1] appeals from the district court's order granting summary judgment to the United States. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

The government filed suit against Mr. Lain to reduce to judgment federal income tax assessments for tax years 1995, 1996, and 1998 through 2005 and to foreclose federal tax liens through a forced sale of real property. Mr. Lain and the government filed cross-motions for summary judgment.

In his response to the government's summary-judgment motion, Mr. Lain admitted that he stopped filing federal income tax returns and paying income taxes because he believed "that he was not under the legislative jurisdiction of Congress." R., Vol. 2 at 117 (internal quotation marks omitted). The district court rejected Mr. Lain's argument that he was a non-taxpayer not subject to the jurisdiction of the United States as "patently frivolous and contrary to established Tenth Circuit precedent." *Id*. at 159 (internal quotation marks omitted). The court noted that "Mr. Lain admitted that he received payment for his services and did not file tax returns" and that he had "present[ed] no argument to suggest that the [Internal Revenue Service] miscalculated his tax liability." *Id*. at 161.

The district court denied Mr. Lain's motion and granted the government's motion. It concluded that Mr. Lain was indebted to the government in the amount of

---

[1] We liberally construe Mr. Lain's pro se briefs, but we do not assume the role of his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

$1,775,060.06 for his federal income tax liabilities; the government had valid tax liens attaching to all of Mr. Lain's property rights; September Liberty Trust was Mr. Lain's nominee with respect to the real property at 3 Chapel Road, Big Piney, Wyoming ("the subject property"); and the government's tax liens encumbering the subject property should be foreclosed and the property sold.[2]

Mr. Lain appeals from the district court's judgment. He contends the district court erred in granting summary judgment to the United States because: (1) "While the trial court had jurisdiction under the Code section cited, absence [sic] the citing of the implementing regulation and the elements required to be shown to establish that Mr. Lain was subject to that law and its enforcement regulation, and that his income was in fact taxable pursuant to the enforcement regulation, the case should have been dismissed for failure to state a claim upon which relief could be granted"; (2) the court failed to "defer to the regulation in assuming its jurisdiction"; (3) "the District Court is a Territorial Court not a Wyoming State Court and plaintiff failed to allege how Mr. Lain was subject to the jurisdiction of the United States"; the court ignored evidence that his "case file was a fraudulent construction"; and the court ignored the fact that the Tax Court found he "was liable for [*F*ederal income tax], but the plaintiff alleged in the original complaint that Mr. Lain was liable for [*f*ederal

---

[2] The court determined that the government must hand over the other fifty percent of the proceeds from the foreclosure sale to Mr. Lain's wife, Amelia Lain. The government initially filed a cross-appeal to challenge that determination, but it later filed a motion to voluntarily dismiss its cross-appeal, which this court granted.

income tax].” Aplt. Opening Br. at 11 (emphases added) (brackets in original). Mr. Lain also contends there was fraud on the court in his district court proceedings.

“We review a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party.” *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015) (internal quotation marks omitted). Having reviewed the briefs, the record, and the applicable law, we conclude Mr. Lain has failed to show that the district court committed any reversible error in ruling on the cross-motions for summary judgment and we reject his unsubstantiated assertions of fraud on the court.[3] We therefore affirm the district court’s judgment for substantially the same reasons stated in its thorough and well-reasoned order disposing of the summary-judgment motions dated February 5, 2019.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[3] In his opening brief, Mr. Lain also makes passing references to the district court’s denial of his motion for leave to amend his counterclaim and its denial in part of his motion to compel. But Mr. Lain failed to adequately develop any argument as to how the district court abused its discretion in ruling on those motions. We therefore conclude he has waived any challenge to those motions. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (“Arguments inadequately briefed in the opening brief are waived.”).