**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC S. CLARK,

      Plaintiff - Appellant,

and

GENE HIRT,

      Plaintiff,

v.

UNIFIED SCHOOL DISTRICT NO. 287;
JERRY TURNER,

      Defendants - Appellees.

No. 19-3234
(D.C. No. 2:17-CV-02279-HLT)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Eric S. Clark, proceeding pro se, appeals from the district court's grant of

summary judgment to Unified School District No. 287 ("District 287") and its

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Superintendent, Jerry Turner, on his 42 U.S.C. § 1983 claim alleging a First Amendment violation. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Clark and his co-plaintiff, Gene Hirt, attended District 287 school board meetings in the early part of 2015. Mr. Hirt disrupted the proceedings by speaking to the board from the audience (for which he was reprimanded), and he was heard to call board members "sons of bitches" while he sat in the audience. He also had an altercation with Mr. Turner after a meeting on June 8, 2015. On July 13, 2015, Mr. Turner issued Mr. Hirt a letter (the July 2015 Letter) excluding him from all of District 287's property "for any reason or under any circumstance" because of his "inability to express [him]self in a civil and socially acceptable manner." R. Vol. I at 427. The exclusion lasted until June 14, 2017.

Mr. Clark became aware of the July 2015 letter, and Mr. Hirt's exclusion from school property, through a letter Mr. Hirt wrote to a newspaper. On August 12, 2015, Mr. Clark spoke during the patron forum portion of a school board meeting (a time set aside for attendees to address the board). He inquired about the board's policy for discipline of non-students, particularly with regard to the use of language during debate. He asked whether he would be barred from school property if he described Mr. Turner as a "nincompoop," for example, and expressed his opinion that "anyone who attempted to enforce that type of policy is a nincompoop and . . . that all those who would support such a policy are ninnies." Id. at 542-43. The defendants did not take any action against Mr. Clark for his remarks at the August 12 meeting.

2

The next week, on August 19, Mr. Clark and Mr. Hirt attended an open house at a District 287 elementary school. A sheriff's deputy asked Mr. Hirt to leave, which he did after he finished eating a hot dog. No one asked Mr. Clark to leave. After that incident, however, Mr. Clark did not attend any school board meetings.

Mr. Hirt and Mr. Clark brought this lawsuit in May 2017. As relevant to this appeal, Mr. Clark claimed that the July 2015 Letter chilled his exercise of his First Amendment rights. He alleged that he self-censored his speech at the August 12 board meeting, and that he thereafter ceased attending school board meetings out of concern that he would say something that violated the "socially acceptable manner" policy embodied in the July 2015 Letter, causing him to be banned from District 287 property. The district court granted the defendants' motion for summary judgment, holding that Mr. Clark had failed to demonstrate an injury in fact to establish standing to challenge the July 2015 Letter. The district court further rejected a potential overbreadth argument challenging the underlying policies (as distinguished from challenging the July 2015 Letter), holding that any such argument was waived for failure to include it in the pretrial order.

## ANALYSIS

We review the issue of Article III standing de novo. Benham v. Ozark Materials River Rock, LLC, 885 F.3d 1267, 1272 (10th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e view the facts, and all reasonable inferences those facts

3

support, in the light most favorable to the nonmoving party." iMatter Utah v. Njord, 774 F.3d 1258, 1262 (10th Cir. 2014) (internal quotation marks omitted). Because Mr. Clark proceeds pro se, we construe his filings liberally, but we do not act as his attorney. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) a causal connection (traceability), and (3) redressability. Id. at 560-61. It is Mr. Clark's burden to demonstrate his standing. See id. at 561.

Here, the relevant element is injury in fact, "the first and foremost of standing's three elements," Spokeo, Inc v. Robins, 136 S. Ct. 1540, 1547 (2016) (brackets and internal quotation marks omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan, 504 U.S. at 560). "[I]n speech cases as in others, courts must not intervene in the processes of government in the absence of a sufficiently concrete and particularized injury." Initiative & Referendum Inst. v. Walker, 450 F.3d 1082, 1088 (10th Cir. 2006) (en banc) (internal quotation marks omitted). "A concrete injury must be *de facto*; that is, it must actually exist. When we have used the adjective concrete, we have meant to convey the usual meaning of

4

the term—real, and not abstract." Spokeo, Inc, 136 S. Ct. at 1548 (citation and internal quotation marks omitted). And "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." Id. (internal quotation marks omitted).

Although the July 2015 Letter was directed to Mr. Hirt, not Mr. Clark, Mr. Clark contends that it caused him to censor himself at the August 12 school board meeting and thereafter chilled him from attending school board meetings altogether. "This Court has recognized that a chilling effect on the exercise of a plaintiff's First Amendment rights may amount to a judicially cognizable injury in fact, as long as it arises from an objectively justified fear of real consequences." Initiative & Referendum Inst., 450 F.3d at 1088 (brackets and internal quotation marks omitted). "Yet plaintiffs must do more than merely allege a subjective chill. If all it took to summon the jurisdiction of the federal courts were a bare assertion that, as a result of government action, one is discouraged from speaking, there would be little left of the Article III threshold in First Amendment cases." Id. at 1089 (citation and internal quotation marks omitted).

It is not clear that Mr. Clark has established even a subjective chill from the July 2015 Letter, given that he attended and spoke during the patron forum at the August 12 board meeting. In any event, however, the record does not support "an objectively justified fear of real consequences" to Mr. Clark from speaking at District 287 board meetings. Id. at 1088 (internal quotation marks omitted). When Mr. Clark

5

was asked at his deposition to describe how the July 2015 Letter affected his speech, he testified:

> [B]ecause I knew that they could ban or they planned to based on this policy of this banned speech that's offensive, I knew that if I went to another meeting and called the Superintendent a nincompoop again or called the Board members ninnies that they would use that as an excuse to ban me from the meetings. Even though it may be offensive speech, it's protected under the First Amendment. Okay. I felt that like if I go to another meeting, I am definitely going to be using some words like that, trust me, and when I do, it's more than likely based upon the evidence before me that they are going to ban me. Okay. They ban me, I know because of the way I'm built and the way I'm brought up I am going to challenge that ban and I know that then I am going to be cited with trespass and put in jail for some period of time and right now, that's -- to be put in jail for some period of time right now, to me, is going to be a big detriment. So that prevents me from going in there right now and saying what I want to say to them[.]

R. Vol. I at 624. But the defendants took no action against Mr. Clark for his remarks at the August 12 board meeting. They did not require him to leave the August 19 open house, and they did not preclude him from attending any subsequent school board meetings or any other District 287 event. Even Mr. Hirt was not arrested and jailed for trespass at the open house; he simply was asked to leave, and he even was allowed to finish eating his hot dog first. Mr. Clark's feared harms simply pile speculation upon speculation. We are not persuaded by his reliance on Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014), because these circumstances do not equal the credible threat of enforcement that was found to exist in that case.

Mr. Clark's failure to establish injury in fact also disposes of his contention that he did not waive an overbreadth challenge to the policy or policies underlying the July 2015 Letter. Even if the district court erred in holding the claim waived,

6

Mr. Clark still must establish injury in fact to have standing to bring an overbreadth claim.  See Winsness v. Yocom, 433 F.3d 727, 734 (10th Cir. 2006); D.L.S. v. Utah, 374 F.3d 971, 976 (10th Cir. 2004).

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge