**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MIKE R. SERNA,

    Plaintiff - Appellant,

v.

WILLIAM KELEHER,

    Defendant - Appellee.

No. 23-2092
(D.C. No. 1:23-CV-00288-MV-JFR)
(D. N.M.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Mike Serna filed a pro se lawsuit in United States District Court for the District of New Mexico, alleging due process claims under 42 U.S.C. § 1983 and related state-law claims against William Keleher, who had been appointed as a Special Master in a state foreclosure case against Mr. Serna. The district court dismissed the claims, and Mr. Serna appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal stems from a foreclosure action to collect on a judgment against Mr. Serna and his wife Emma Serna. Mr. Keleher was appointed Special Master in the action and proceeded with the sale of the Serna's residence. Mr. Serna contends the state court judgment underlying the foreclosure action was erroneous and that Mr. Keleher's actions therefore were improper.

In August 2022, Emma Serna filed an action in the District of New Mexico asserting a § 1983 due process claim and related state-law claims based on Mr. Keleher's actions as the Special Master. She later filed an amended complaint adding her husband as a plaintiff. The district court dismissed the § 1983 claims with prejudice and declined to exercise jurisdiction over the state-law claims.

Only a few days after the dismissal of the first federal lawsuit, Mr. Serna filed a second lawsuit against Mr. Keleher, again asserting § 1983 claims and related state-law claims. The district court held that (1) Mr. Serna's lawsuit is barred by the doctrine of claim preclusion, and (2) in the alternative Mr. Keleher is entitled to quasi-judicial immunity. It therefore dismissed the lawsuit and again declined to exercise jurisdiction over the state-law claims. Mr. Serna timely appealed.

Mr. Serna's opening brief fails to challenge the district court's holding that his claims are barred by claim preclusion. "Under [Fed. R. App. P.] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). Although we review a pro se litigant's pleadings liberally, we will not

2

"take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840.  Therefore, any argument not clearly made in a party's opening brief will be deemed waived.  *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).  Accordingly, we hold that Mr. Serna has waived any challenge to the district court's ruling that his claims are barred by claim preclusion.[1]  Accordingly, we affirm the dismissal of the lawsuit.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[1] Having affirmed on the district court's claim preclusion analysis, we need not address its alternative holding that Mr. Keleher is entitled to quasi-judicial immunity.

3