**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HILDE FRANCISCO FAVELA,

    Defendant - Appellant.

No. 25-6088
(D.C. No. 5:17-CR-00014-R-11)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

Hilde Favela, a federal prisoner proceeding pro se,[1] appeals the district court's

denial of his motion for compassionate release under 18 U.S.C. § 3582. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Favela proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

In 2018, Mr. Favela pleaded guilty to five counts of an indictment and five counts of a superseding indictment alleging conspiracy and possession and distribution of methamphetamine. *See* 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(B). The district court sentenced him to 144 months' imprisonment. The low end of his recommended sentencing range under the United States Sentencing Guidelines was 235 months, so this sentence represented a downward variance.

In 2025, Mr. Favela moved for compassionate release under § 3582(c)(1)(A). In his motion, he argued extraordinary and compelling reasons justified his sentence reduction in that a disparity existed between sentencing for pure methamphetamine and a mixture containing methamphetamine. He also, for the first time, disputed the factual basis for various calculations and sentencing enhancements in the presentence report (PSR).

Reviewing the motion, the district court concluded Mr. Favela's arguments related to methamphetamine purity did not apply because the court sentenced him for a mixture, not pure methamphetamine, and that "any disparities in the methamphetamine-related sentencing guidelines cannot fairly be described as an extraordinary and compelling circumstance given that the guidelines apply to all offenders." R. at 65. The court rejected his arguments related to the PSR because, it concluded, the exclusive vehicle for Mr. Favela to advance such arguments was a motion under 28 U.S.C. § 2255. Finally, after considering the factors under 18 U.S.C. § 3553(a), the court concluded a sentence reduction "would not properly reflect the seriousness of the offense, provide adequate deterrence, or promote

2

respect for the law." R. at 66. The district court therefore denied the motion, and this appeal followed.

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Mr. Favela presents no colorable argument the district court abused its discretion when it denied his § 3582 motion. He instead argues, for the first time on appeal, that "his rehabilitation efforts and post-conviction conduct present[] a compelling reason to reduce his sentence pursuant to the compassionate release statute." Aplt. Br. at 2. But "[a]bsent extraordinary circumstances," not present here, "we will not consider arguments raised for the first time on appeal." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009).

There being no basis to conclude the district court abused its discretion, we affirm its judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge