FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Respondent - Appellee,

v.

GARY SHELDON,

    Petitioner - Appellant.

No. 25-1365
(D.C. No. 1:25-CV-01544-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Gary Sheldon, proceeding pro se,[1] appeals the district court's denial of his

application for a writ of habeas corpus under 28 U.S.C. § 2241.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sheldon proceeds pro se, his filings "are . . . construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  However, the court will not act as his advocate or "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

### I.    Background

Mr. Sheldon pleaded guilted to one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  The district court sentenced him to 188 months' imprisonment followed by a term of supervised release for life.  Mr. Sheldon filed an untimely motion under 28 U.S.C. § 2255 for post-conviction relief challenging the constitutionality of his supervised release term, which the district court denied.  Mr. Sheldon later filed a motion to modify his supervised release conditions, arguing the term of his supervised release was excessive.  The district court denied that motion without prejudice to the extent the motion constituted a successive or collateral attack on his sentence because he had not obtained permission from the relevant circuit court to file a successive § 2255 motion.

Mr. Sheldon then filed an application for habeas corpus relief under 28 U.S.C. § 2241.  In that application, he asserted that the execution or application of his supervised release terms violates the Double Jeopardy Clause of the Fifth Amendment, that a term of supervised release constitutes a separate sentence, and that a lifetime term of supervised release is excessive because it impermissibly expands 18 U.S.C. § 3583(k).

The district court observed that Mr. Sheldon had raised similar claims in another proceeding but ultimately withdrew them after the district court received a recommendation from a magistrate judge to dismiss the action for lack of

2

jurisdiction. The district court construed the withdrawal as a voluntary dismissal under Federal Rule of Civil procedure 41(a). That action was dismissed.

Mr. Sheldon sought § 2241 relief again, raising essentially the same claims as he did in the dismissed action. The district court referred this new matter to a magistrate judge for recommendation. The magistrate judge issued a report and recommendation concluding that Mr. Sheldon did not meet the threshold burden of demonstrating that the remedy available under § 2255 was inadequate or ineffective. *See generally Jones v. Hendrix*, 599 U.S. 465, 469, (2023) ("[Section] 2255(e) bars a federal prisoner from proceeding under § 2241 'unless the § 2255 remedy by motion is inadequate or ineffective to test the legality of his detention.'" (brackets and ellipsis omitted)). The magistrate judge therefore recommended the action be dismissed without prejudice for lack of statutory jurisdiction.

After reviewing the report and recommendation de novo and overruling Mr. Sheldon's objections, the district court adopted it in whole and dismissed the action. Mr. Sheldon timely appealed.

## II.    Discussion

As he did in district court, Mr. Sheldon argues that jurisdiction is proper under § 2241 because he seeks injunctive relief, that the supervised release term is a second and separate sentence, and that the supervised release term is excessive because it impermissibly expands 18 U.S.C. § 3583(k). Having reviewed the brief and record, we conclude no reversible error occurred below, and we affirm the dismissal of the § 2241 claim for substantially the same reasons stated in the magistrate judge's report

and recommendation and adopted by the district court.  We grant Mr. Sheldon's

motion to proceed without prepayment of costs or fees (Dkt. No. 6).

<div style="margin-left: 50%">

Entered for the Court


Bobby R. Baldock
Circuit Judge

</div>