**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL R. MAYFIELD,

    Plaintiff - Appellant,

v.

JOHN SUGGS DA, attorney at law;
JEFFREY SCOVIL; THE ESTATE OF
DET JOHN KELLY, APD, State of New
Mexico; DA RACHEL EAGEL,

    Defendants - Appellees.

No. 18-2152
(D.C. No. 1:17-CV-01190-WJ-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

    Earl R. Mayfield, appearing pro se, appeals the district court's dismissal of his

"Prisoner's Civil Rights Complaint" for failure to state a claim under Federal Rule of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). [ROA at 235.] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The complaint, filed under 42 U.S.C. § 1983, [ROA at 13, 236] named as defendants District Attorneys John Suggs and Rachel Eagel, New Mexico Public Defender staff attorney Jeffrey Scovil, the Estate of Albuquerque Police Department Detective John Kelly, and the State of New Mexico. [ROA at 4, 236.] It alleged the defendants, starting with his arrest in 2012, conspired to illegally arrest, prosecute, and incarcerate him. [ROA at 10, 15-16, 236.]

Reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the district court held (1) the prosecutors were entitled to absolute immunity, [ROA at 240] (2) the public defender cannot be sued under § 1983 because public defenders do not act "under color of state law," [ROA at 241] (3) the State of New Mexico cannot be sued because it is not a "person" under § 1983, [ROA at 241] and (4) the claim against the Estate was both too vague and conclusory, and was time-barred. [ROA at 242] The court also said that all of Mr. Mayfield's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). [ROA at 242-43.] The court dismissed the complaint, imposed a strike against Mr. Mayfield under 28 U.S.C. § 1915(g), and entered judgment. [ROA 243-44.]

Mr. Mayfield then filed what the district court construed to be post-judgment requests for reconsideration under Federal Rule of Civil Procedure 59(e). [ROA at 247; Supp. ROA at 3, 58.] The court dismissed the requests, stating the filings made the same

2

allegations as the complaint and provided no grounds warranting reconsideration. [Supp. ROA at 82-83.]

On appeal, Mr. Mayfield has filed a seven-page brief with 54 pages of attachments. We have carefully reviewed these materials and his complaint and have afforded his filings a liberal construction. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mr. Mayfield continues to present allegations against the defendants in his appellate materials, but he has not addressed the grounds on which the district court dismissed his complaint. An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & County of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). His failure to explain why the district court's order was wrong waives any argument for reversal. *See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

We affirm the district court's judgment. We additionally deny Mr. Mayfield's motion to proceed *in forma pauperis* and impose a "strike" under 28 U.S.C. § 1915(g).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge