FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 27, 2021**

**Christopher M. Wolpert
Clerk of Court**

_____

DAVID E. HILL,

    Plaintiff - Appellant,

v.

B. TRUE, Warden; A. FELLOW, Assist
Health Service Administrator; and Jane
Doe, Health Service Administrator; W.
RESTO, Clinical Directory; J. STERETT,
Doctor; J. SEROSKI; R. HUDDLESTON;
D. OBA; J. FIRTH,

    Defendants - Appellees.

No. 21-1139
(D.C. No. 1:20-CV-03135-RBJ-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **ROSSMAN**, Circuit Judges.

_____

David E. Hill, a federal prisoner proceeding pro se,[1] appeals the district court's

denial of (1) his motion for a preliminary injunction and (2) his motion to take

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hill proceeds pro se, we construe his arguments liberally, but we do not "take on the responsibility of serving as [his] attorney in constructing arguments

judicial notice of a medical record.  We have jurisdiction over the interlocutory appeal of the preliminary-injunction ruling under 28 U.S.C. § 1292(a)(1).  We exercise pendent jurisdiction to review the nonfinal judicial-notice ruling because there is an adequate record for review, the issue is closely related to the denial of the preliminary injunction, and addressing the issue promotes judicial economy.  *See Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995).  We reverse the denial of Hill's motion for a preliminary injunction and remand to the district court for further proceedings consistent with this Order and Judgment.  We affirm the denial of Hill's motion to take judicial notice.

## I.     Background

Hill filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Among other claims, he alleges that Defendants True, Resto, and Sterett—officials and medical personnel at the federal penitentiary in Florence, Colorado—were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution.  He asserts that he is in excruciating pain from Stage 3 or 4 chronic kidney disease and that Defendants have refused to transport him to the hospital for necessary treatment by an outside nephrology specialist.  Although Hill had three strikes under 28 U.S.C. § 1915(g), the district court allowed him to proceed

---

and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

in forma pauperis (IFP) on this claim under that provision's "imminent danger" exception.[2]

In December 2020, at the same time he filed the operative Second Amended Complaint, Hill filed a motion for a preliminary injunction. Relevant to this appeal, Hill argued that Defendants failed to comply with the directive of Christine Baugh, the outside nephrologist who treated him in October 2019 and submitted an order for him to return for follow-up care in three months. Hill stated that he was experiencing excruciating stomach and kidney pain, urinary tract infections, and other symptoms as a result of Defendants' inaction. He asked the district court to order his immediate transport to the hospital for treatment of his chronic kidney disease.

In March 2021, Defendants responded that they denied Hill's referral request to see Baugh, who is actually a nurse practitioner at a clinic, because the Bureau of Prisons (BOP) is adequately monitoring and treating Hill's chronic kidney disease, following an internal protocol that tracks the protocol an outside specialist would implement. They supported this assertion with a declaration by Dr. David Oba. Oba also attested that Hill has Stage 2 chronic kidney disease—which indicates "mild decreased function" of the kidneys, not "mild to moderately decreased function" (Stage 3) or "severely decreased function" (Stage 4). R., Vol. I at 191-92 (explanation of stages), 195 (diagnosis). In addition, Defendants made the following representation about Hill's future medical care:

---

[2] The district court also allowed Hill to proceed IFP on a COVID-related medical-treatment claim that is not at issue in this appeal.

> The BOP is also currently scheduling [Hill] for another consultation with an outside nephrologist specialist.  The outside consultation will provide another opinion regarding the progress of Plaintiff's [chronic kidney disease], and that opinion will be taken into account as BOP manages his care.  That outside consultation should occur within the next two months.

R., Vol. II at 180 (citations omitted).  In his declaration, Oba stated that he requested the consultation on January 26, 2021, and the request was approved and "will probably be performed within the ne[xt] two months" depending on backlog, staffing, and availability of transport vehicles.  *Id.* at 216-17.

Also in March 2021, Hill filed a motion to take judicial notice of a medical record that Baugh prepared on October 17, 2019.

On April 5, 2021, the district court denied the motion for a preliminary injunction and the motion to take judicial notice in a text-only electronic docket entry that resolved multiple motions.  Hill filed this appeal.

## II.     Analysis

### A.     Motion for a Preliminary Injunction

Hill appeals the district court's denial of his motion for a preliminary injunction. To obtain a preliminary injunction, a movant must establish "(1) that [he] has a substantial likelihood of prevailing on the merits; (2) that [he] will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to the movant outweighs the injury that the opposing party will suffer under the injunction; and (4) that the injunction would not be adverse to the public interest." *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001).  "A preliminary injunction is an

extraordinary remedy that is granted only when the movant's right to relief is clear and unequivocal." *McDonnell v. City & Cnty. of Denver*, 878 F.3d 1247, 1257 (10th Cir. 2018) (internal quotation marks omitted).

Although both parties addressed all four preliminary injunction factors in their pleadings, the district court did not reference or analyze the factors in its short order. It stated only: "Per the defendant's response, the BOP is scheduling plaintiff for another consultation with an outside nephrology specialist. Therefore, there is no basis for the Court to issue a mandatory injunction requiring such a consultation." R., Vol. II at 293 (citation omitted).

"We review a district court's denial of a preliminary injunction for an abuse of discretion." *Utah Licensed Beverage Ass'n*, 256 F.3d at 1065. In the preliminary injunction context, a district court abuses its discretion if it provides "inadequate" analysis on the elements for a preliminary injunction. *Aid for Women v. Foulston*, 441 F.3d 1101, 1120-21 (10th Cir. 2006) (vacating a preliminary injunction because the district court abused its discretion in concluding that plaintiffs had shown a substantial likelihood of success on the merits, in providing an "inadequate" analysis of the last three elements, and in "fail[ing] to engage in a more explicit analysis of the public interest" element).

On appeal, Hill argues that the district court's "failure to engage in a more explicit analysis" is an abuse of discretion." Aplt. Opening Br. at 11 (internal quotation marks omitted). He also notes the lack of findings for each preliminary injunction factor. *See* Reply Br. at 8-9 (likelihood of success on the merits), 10 (irreparable harm); 11 (balance

5

of harms); 12 (public interest).  Defendants do not address the impact of the district court's lack of reasoning in their response brief; instead, they address the merits of the underlying motion.

Hill is correct.  The district court's reasoning is inadequate.  "In order to provide meaningful appellate review, we require an articulation of the district court's rationale." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004); *accord In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam) ("'[A]buse of discretion' is not the equivalent of 'unreviewable.'  If we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did.").  The district court abused its discretion by not addressing any of the elements for a preliminary injunction.  Its ruling may well have been correct.  But without any legal analysis, we cannot discern whether it applied the correct legal standard and properly exercised its discretion.

Moreover, the very limited reasoning within the text-only order suggests that the district court *may* have denied the motion on mootness grounds.  Its concern regarding mootness is evident in an earlier order that instructed Defendants to investigate whether Hill's claim was moot and to report their findings to the court.  And the order hints at mootness when it states immediately after the denial of the motion that "the BOP is scheduling plaintiff for another consultation with an outside nephrology specialist." R., Vol. II at 293.

To the extent the district court concluded the motion for a preliminary injunction was moot, it abused its discretion.  On February 3, 2021, Defendants reported:  "The

BOP is providing Plaintiff with the standard treatment for [chronic kidney disease] but is not doing so using the services of an outside provider at this time, so *this claim is probably not moot, at least from Plaintiff's point of view*." R., Vol. I at 181 (emphasis added); *see also id.* at 183 ("*Plaintiff's claim is not technically moot*, because he is not getting treatment from an outside nephrologist as he wants . . . ." (emphasis added)). Likewise, this subsequent statement in the order is inconsistent with a mootness determination: "If the government follows up on its representation that it will soon arrange for another outside consultation by a qualified nephrology specialist (and the sooner, the better), the Court will consider whether any IFP status is still warranted." R., Vol. II at 293. Finally, almost a year later, there is no evidence in the record that an outside consultation has taken place.

## B.     Motion to Take Judicial Notice

Hill next appeals the denial of his motion to take judicial notice of a medical record that Baugh prepared on October 17, 2019. We also review the denial of this motion for an abuse of discretion. *See United States v. Visinaiz*, 428 F.3d 1300, 1314 (10th Cir. 2005). We affirm the denial because judicial notice is unnecessary when a document is already included in the record. *See Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1270 n.2 (10th Cir. 1999). The medical record that is the subject of the motion is part of the district court (and now appellate) record. *See* R., Vol. I at 34-36 (complaint); R., Vol. II at 252-55 (Oda Decl., Ex. 1, Attach. 2).

### III.     Pending Motions

We grant Hill's motion to proceed without prepayment of fees and costs.

7

We deny his appellate motion to take judicial notice of a medical record that Baugh prepared on October 9, 2018.  Unlike the October 17, 2019 medical record discussed above, this one is not part of the record.  But Hill has not shown that judicial notice is appropriate under Federal Rule of Evidence 201(b), which provides that a court can only judicially notice "a fact that is not subject to reasonable dispute." This medical record is not such a fact:  Hill contends it establishes that he had Stage 3 chronic kidney disease as of October 2018, but Oba stated in his declaration that Hill's disease was only at Stage 2 at this time.  *See* R., Vol. I at 192, 194-95.  In any event, the medical record is not the type of "garden-variety fact[]" for which judicial notice is appropriate, *United States v. Delgado-Lopez*, 974 F.3d 1188, 1193 n.2 (10th Cir. 2020).  "Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016).

## IV.    Conclusion

Because the district court did not provide adequate analysis to support its denial of Hill's motion for a preliminary injunction, we reverse and remand for proceedings consistent with this Order and Judgment.  However, we affirm the district court's denial of Hill's motion to take judicial notice.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8