**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOLLI TELFORD LUNDAHL, a/k/a
Holli Lundahl, a/k/a Holli Telford, a/k/a
Hollie Lundahl, a/k/a Hollie Telford, a/k/a
Holly Lundell,

Defendant - Appellant.

No. 21-8061
(D.C. No. 1:20-CR-00048-NDF-1)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.

Defendant-Appellant Holli Lundahl was convicted of three counts of

healthcare fraud in violation of 18 U.S.C. § 1347 and two counts of aggravated

identity theft in violation of 18 U.S.C. § 1028A and sentenced to thirty-six months in

prison. She then filed this pro se appeal. Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

Ms. Lundahl's sister, Marti, was a Wyoming Medicaid beneficiary who received participant-directed in-home services through the state's home and community-based services (HCBS) waiver program called Community Choices Waiver (CCW).[1] The participant-directed option allows participants to employ a direct service worker (DSW) who Medicaid then pays. At trial, the government presented evidence that showed Ms. Lundahl defrauded Wyoming Medicaid by submitting false statements about Marti's CCW services.

The evidence at trial showed that Ms. Lundahl enrolled her niece, Shyanne, as Marti's DSW without Shyanne's knowledge or consent. Ms. Lundahl then submitted timesheets in Shyanne's name as if Shyanne had worked for Marti when she had not. Ms. Lundahl then took the resulting wage payments for her own use.

The evidence also showed that Ms. Lundahl later advertised for a caregiver for Marti. She then pretended to hire Sara Brown to obtain her identifying information. Ms. Lundahl did not have Sara provide any Medicaid-reimbursed DSW services for Marti, but Ms. Lundahl still submitted timesheets in Sara's name as if Sara worked

---

[1] "Under the Medicaid Act, a participating state may ask the Secretary of Health and Human Services to provide a waiver allowing the state to pay for [HCBS] as medical assistance under its approved Medicaid plan." *Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 974 (10th Cir. 2001) (internal quotation marks omitted). HCBS may be provided to individuals who would otherwise be institutionalized in a hospital, nursing facility, or intermediate care facility for the intellectually disabled. CCW is Wyoming Medicaid's approved HCBS waiver program, which was developed to allow individuals who require nursing-home-level care to remain in the community.

for Marti. She did this without Sara's knowledge or consent. Again, Ms. Lundahl took the resulting wage payments for her own use.

Finally, the evidence showed that Ms. Lundahl later enrolled as Marti's DSW and submitted timesheets using her own name. In doing so, Ms. Lundahl asserted on the enrollment form that she did not have a power of attorney for Marti when in fact she did. If Ms. Lundahl had truthfully reported the power of attorney, she would not have been qualified to receive Medicaid money as a DSW for Marti.

Ms. Lundahl represented herself at trial with the assistance of stand-by counsel. After a six-day jury trial, she was convicted on three counts of healthcare fraud and two counts of aggravated identity theft. She then filed a notice of appeal.

As part of the instructions on how to proceed in her appeal, this court notified Ms. Lundahl that she must file an opening brief within forty days from the date of the letter. The letter also instructed Ms. Lundahl that she could use the Pro Se Brief form or file a separate brief.

Ms. Lundahl subsequently filed a motion to stay all proceedings and a separate document titled "Appellant/Defendant's Verified Fourth Motion to Dismiss/Acquit Multiplicious [sic] Charges Counts 1-3 of the Indictment Charging a Single Scheme of Health Care Fraud, Based on Eleven (11) Jurisdictional and/or Acquittal Grounds." This court entered an order construing the motion to stay as a motion to abate the appeal and denied it. This court also informed Ms. Lundahl that her motion to dismiss was not a proper motion for summary disposition under Tenth Circuit Rule

3

27.3 and that it would be deemed to be her opening brief if she did not file an opening brief by the deadline.

Ms. Lundahl did not file an opening brief by the deadline (or at any time after the deadline). As a result, this court construed her motion to dismiss as her opening brief and filed it as such. The government filed a response brief. Ms. Lundahl did not file a reply brief.

## II. Discussion

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). Ms. Lundahl was given the opportunity to file an opening brief, but she instead chose to let her motion to dismiss be filed as her opening brief. Her pro se brief fails to comply with Federal Rule of Appellate Procedure 28 and Tenth Circuit Rule 28, and the deficiencies in her brief preclude appellate review.

### A. Issues Not Raised in District Court

The government contends that eight of the eleven issues Ms. Lundahl raises in her opening brief were not raised in district court and are therefore subject to review for plain error (issues I-VI, VIII and IX). "When a party fails to raise an argument below, we typically treat the argument as forfeited" and "we will reverse only if the appellant can satisfy our rigorous plain-error test." *United States v. Leffler*, 942 F.3d

4

1192, 1196 (10th Cir. 2019). "To avoid us treating a claim as forfeited or waived, an appellant's opening brief must 'cite the precise references in the record where the issue was raised and ruled on' in the district court.'" *Id.* (quoting 10th Cir. R. 28.1(A)). Ms. Lundahl's brief does not comply with Tenth Circuit Rule 28.1(A) because it contains no references to the record where she raised any of the eight issues the government identifies, so "we may assume [she] did not preserve the[se] issue[s] for appeal," *Leffler*, 942 F.3d at 1196.

Ms. Lundahl's brief also fails to argue how these eight issues satisfy the plain-error standard. "When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *Id.*

Although it remains an open question, we have suggested that we might consider an argument for plain error that was not raised in an opening brief but was raised in a reply brief. *See United States v. Zander*, 794 F.3d 1220, 1232 n.5 (10th Cir. 2015); *see also United States v. Courtney*, 816 F.3d 681, 683-84 (10th Cir. 2016) (considering a criminal defendant's argument for plain error that was raised for the first time in his reply brief). But that possibility does not help Ms. Lundahl. She did not avail herself of the opportunity to file a reply brief to respond to the government's contention that these issues were not preserved or to address whether these issues could satisfy the plain-error standard. Accordingly, we decline to review the eight issues the government identifies (issues I-VI, VIII, and

5

IX) because they were not raised in district court and Ms. Lundahl has not shown how these issues satisfy the plain-error standard.

## B.  Inadequate Briefing

Rule 28 of the Federal Rules of Appellate Procedure requires an appellant's opening brief to include:  "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).  And we have explained that "[i]ssues will be deemed waived if they are not adequately briefed."  *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).  Ms. Lundahl has failed to adequately brief her remaining three issues.[2]

For issue VII, she asserts that the government "altered and doctored the grand jury record," Aplt. Opening Br. at 26, and engaged in other misconduct.  In thirteen pages of argument, Ms. Lundahl includes only one record citation, *see id.* at 38 (citing Doc. 201).  Document 201 is a motion to dismiss that she filed but she gives no pinpoint page citations to evidence in that document; her citation simply states "[a]lso see Doc. 201."  *Id.*  This lone citation, without more, is wholly inadequate to support her assertion of government misconduct.[3]

---

[2] We note that Ms. Lundahl cites documents 342 and 343 in her discussion of these three issues, but those documents are not part of the record on appeal.  She filed those documents in district court after she filed her notice of appeal and the district court struck them.

[3] We also note that, during trial, the district court concluded that Ms. Lundahl's accusations concerning government misconduct and fabrication of

For issue X, Ms. Lundahl argues that criminal estoppel bars the prosecution and jury verdict because she "was denied the right at trial, to either testify about numerous laws she relied upon . . . , or to submit any of these laws to the jury." *Id.* at 46. And for issue XI, she contends that "Wyoming Medicaid suffered no 'purchasing injury' because [she] performed 4 to 6 times more in daily hourly services than reimbursed by Medicaid, thus no corpus delicti injury." *Id.* at 47. But she fails to cite to any part of the record to support these arguments.

Absent citations to the record in a party's brief, the court "will not sift through the record to find support for" an argument. *Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005). Even when affording pro se pleadings a liberal construction, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. We conclude that Ms. Lundahl's pleading deficiencies disentitle her to appellate review of her remaining three issues (issues VII, X, and XI).

III.  Conclusion

We affirm the district court's judgment.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

evidence were "unfounded," R., Vol. IV at 868, and when asked, standby counsel stated that he saw no evidence of government misconduct, *id.* at 868-69.