FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 5, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WYATT T. HANDY, JR.,

    Plaintiff - Appellant,

v.

OFC. SHEDERICK DOBBIN; DET.
LYNNETTE NEDERLAND; OFC.
BRADLEY MURPHY; OFC.
ANNALISSA REYNOLDS; OFC.
WENDY ANDERSON; OFC. JOHN DOE;
OFC. JANE DOE,

    Defendants - Appellees.

No. 21-1418
(D.C. No. 1:20-CV-03132-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **TYMKOVICH**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

In this 42 U.S.C. § 1983 malicious-prosecution case, Wyatt T. Handy, Jr., appeals

from district court orders that dismissed his amended complaint against the defendant law

enforcement officers and denied reconsideration. Exercising jurisdiction under 28 U.S.C.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1291, we affirm in part, vacate in part and remand for further proceedings in light of

*Thompson v. Clark*, 142 S. Ct. 1332 (2022).

## BACKGROUND

On December 6, 2018, Handy's wife, Ashlee, went to a Denver Police Department

substation and told Officer Shederick Dobbin that she had been a victim of domestic

violence. Officer Dobbin interviewed her and made a police report, stating that Handy

punched and shoved Ashlee, broke her phone and eyeglasses, and cut up her purse and

clothes. Detective Lynnette Nederland later interviewed Ashlee and made a similar

report, but with the added allegation that Handy would not allow her to leave during the

incident.

Based on their reports and an arrest-warrant affidavit, a magistrate issued a

warrant for Handy's arrest. Officers Bradley Murphy, Annalissa Reynolds, and Wendy

Anderson arrested him on December 13. He was booked into the Denver City Jail on

charges of third-degree assault, criminal mischief, and false imprisonment. He posted

bail two days later.

In March 2019, the prosecutor "add[ed] charges for harassment, telephone-

obstruct service, and child abuse." R. at 43. But before trial, the charges were dismissed.

After the dismissal, in October 2020, Handy filed an eight-claim, pro se complaint

in federal district court against Officers Dobbin, Murphy, Reynolds, and Anderson,

Detective Nederland, and the City and County of Denver. A magistrate judge granted

Handy in forma pauperis (IFP) status and reviewed the complaint, finding that it failed to

2

comply with the pleading requirements of Fed. R. Civ. P. 8.  Consequently, the magistrate judge ordered Handy to file an amended complaint.

In response, Handy winnowed the claims and removed the City and County of Denver as a defendant.  He alleged that Officer Dobbin and Detective Nederland falsified their reports and the affidavit.  In particular, Handy alleged that Ashlee did not make any of the reported statements, and Officer Dobbin and Detective Nederland lied "for the purpose of misleading the issuing Magistrate and prosecution[ ] to make a probable cause finding and to cause false . . . charges to be filed against [him]."  R. at 39.  Handy claimed that Officer Dobbin and Detective Nederland maliciously prosecuted him in violation of the Fourth and Fourteenth Amendments.[1]

Before the defendants were served, a magistrate judge recommended that the amended complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  The magistrate judge explained that Handy's malicious-prosecution claims failed because he did not allege the criminal case was dismissed because of his innocence.  Handy objected and sought leave to amend.

The district court reviewed the recommendation de novo and adopted it in full.  The court explained that Handy failed to plausibly allege malicious prosecution because he did not allege "the criminal proceedings were dismissed for reasons indicative of

---

[1] Handy also asserted claims for false arrest/imprisonment and excessive force. The district court ultimately dismissed those claims.  Handy later indicated his desire to abandon those claims, and on appeal he offers no argument against their dismissal. "The failure to raise an issue in an opening brief waives that issue." *Singh v. Cordle*, 936 F.3d 1022, 1041 n.6 (10th Cir. 2019) (brackets and internal quotation marks omitted).

3

innocence and were not based on agreement of compromise, extension of clemency, or technical grounds having little or no relation to his guilt." R. at 82. The court stated that allowing Handy another opportunity to amend appeared futile, and that in any event, Handy failed to submit a proposed second amended complaint. The district court dismissed Handy's complaint and entered judgment in favor of the defendants.

Handy sought reconsideration under Fed. R. Civ. P. 59(e), pointing out that the Supreme Court had recently granted certiorari in a case to consider whether a Fourth Amendment malicious-prosecution plaintiff must allege innocence to show a favorable termination. *See* Pet. for Writ of Cert., *Thompson v. Clark*, 2020 WL 6712185, at *i (U.S. Nov. 6, 2020) (No. 20-659) (questioning "[w]hether the rule that a plaintiff must await favorable termination before bringing a Section 1983 action alleging unreasonable seizure pursuant to legal process requires the plaintiff to show that the criminal proceeding against him has formally ended in a manner not inconsistent with his innocence, or that the proceeding ended in a manner that affirmatively indicates his innocence" (citation and internal quotation marks omitted)); *Thompson v. Clark*, 141 S. Ct. 1682 (2021) (amending the grant of certiorari). Handy also renewed his request for leave to amend, asserting that he could plead an innocence-based dismissal of the criminal case.

The district court denied relief, reasoning that his reliance on *Thompson* was premature and misplaced, and that in any event, he failed to plead "facts indicative of innocence as the basis for the dismissal of his case." R. at 182.

4

Five months later, the Supreme Court issued its opinion in *Thompson* and held: "[A] Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson*, 142 S. Ct. at 1341.

## DISCUSSION
### I.  Standards of Review

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We apply the same standard of review as we would in a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted).

"We review a district court's ruling on a Rule 59(e) motion for reconsideration for abuse of discretion. That abuse of discretion review, however, involves verifying that the district court's discretion was not guided by erroneous legal conclusions." *Walker v. BOKF, Nat'l Ass'n*, 30 F.4th 994, 1002 (10th Cir. 2022) (citation and internal quotation marks omitted), *petition for cert. filed*, (U.S. Sept. 16, 2022) (No. 22-262).

Because Handy proceeds pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II. Malicious Prosecution[2]

"[A] § 1983 malicious prosecution claim includes the following elements: (1) the defendant[s] caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant[s] acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

The district court's dismissal of Handy's Fourth Amendment malicious-prosecution claim and its denial of reconsideration centered entirely on the favorable-termination element, which this court had interpreted as requiring a showing that the plaintiff's "charges were dismissed in a manner indicative of innocence," *Cordova v. City of Albuquerque*, 816 F.3d 645, 653 (10th Cir. 2016); *see also Wilkins*, 528 F.3d at 803. But that interpretation is no longer correct. "A plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson*, 142 S. Ct. at 1341. Handy's first amended complaint, construed liberally, contained such an allegation. *See* R. at 43 (alleging that the "charges were dismissed"). Consequently, Handy's Fourth Amendment

---

[2] Although Handy pled two malicious prosecution claims—one under the Fourth Amendment and one under the Fourteenth Amendment, his appellate arguments relate solely to a Fourth Amendment malicious-prosecution claim. *See* Aplt. Br. at 30 ("The district court . . . erred in concluding that the Fourth Amendment required Mr. Handy to make some additional showing of favorability."). Thus, he has waived any argument relating to the dismissal of his Fourteenth Amendment malicious-prosecution claim, *see Singh*, 936 F.3d at 1041 n.6, and we do not address that claim.

malicious-prosecution claim was not properly dismissed based on this court's "indicative of innocence" rule.[3]

## CONCLUSION

We vacate the district court's judgment as it pertains to Fourth Amendment malicious prosecution, and we remand for further proceedings consistent with *Thompson*. We affirm the remainder of the judgment. Finally, we grant Handy's motion to proceed IFP on appeal.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

---

[3] Five months after Handy filed his Opening Brief, he sent this court an unauthorized "Amended Opening Brief." This court received, but did not file, the amended brief. In any event, his two briefs appear to differ only in respect to the citation of *Thompson v. Clark*, 142 S. Ct. 1332 (2022), which we have considered.