**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE LOYA-RAMIREZ,

    Defendant - Appellant.

No. 23-1144
(D.C. Nos. 1:20-CV-00485-REB &
1:15-CR-00272-REB-13)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Jorge Loya-Ramirez, proceeding pro se,[1] seeks a certificate of appealability

(COA) to appeal from the district court's denial of his 28 U.S.C. § 2255 motion. *See*

28 U.S.C. § 2253(c)(1)(B). We deny a COA and dismiss this appeal.

## I. Background

Mr. Loya-Ramirez was indicted for drug conspiracy, possession with intent to

distribute methamphetamine, and use of communication facilities in furtherance of his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Loya-Ramirez appears pro se, we liberally construe his filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not make arguments for pro se litigants or otherwise advocate on their behalf. *Id.*

drug trafficking.  A jury acquitted him of the use-of-communication counts but convicted him on all other counts.  He was sentenced to life in prison.  On direct appeal, he contended he was entitled to a new trial based on allegedly improper comments made by the prosecutor during closing argument.  *See United States v. Loya-Ramirez*, 766 F. App'x 681, 682 (10th Cir. 2019).  We rejected his argument and affirmed.

The charges against Mr. Loya-Ramirez stemmed from a traffic stop that revealed cocaine and methamphetamine in a hidden compartment behind the glove box.  As we noted on direct appeal, the evidence against Mr. Loya-Ramirez was "compelling" and "overwhelming."  *Id.* at 682, 685.  "[I]n addition to the fact that law enforcement discovered illegal drugs in a vehicle he was driving, the government also presented evidence of his guilt in the form of surveillance videos, phone calls, text messages, and the testimony of four of his coconspirators."  *Id.* at 685.

Mr. Loya-Ramirez then filed a § 2255 motion, in which he asserted several claims of ineffective assistance of counsel.  The district court denied the motion in a written order.  Mr. Loya-Ramirez now seeks a COA.

## II.  Discussion

### A.  Standard for Obtaining COA

To receive a COA, Mr. Loya-Ramirez must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the district court denied Mr. Loya-Ramirez's claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

### B. Ineffective Assistance Claims

A claim of ineffective assistance of counsel requires that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). If the defendant clears this hurdle, he next must show that "the deficient performance prejudiced the defense." *Id.* at 687. Prejudice in this context means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Loya-Ramirez requests a COA on four ineffective assistance claims.[2] First, he claims his trial attorneys were ineffective because they failed to object or move for a mistrial based on the prosecutor's improper comments during closing argument. We addressed those comments on direct appeal and held that given the strength of the evidence Mr. Loya-Ramirez could not show that but for the improper comments the result of the trial would have been different. *Loya-Ramirez*, 766 F. App'x at 684, 685-86.

---

[2] As an initial matter, Mr. Loya-Ramirez argues he need not show prejudice because the constitutional violations in this case were so egregious. Under *United States v. Cronic*, 466 U.S. 648 (1984), prejudice can be presumed where (1) the defendant is completely denied counsel at a critical stage of trial, (2) counsel fails completely to subject the government's case to meaningful adversarial testing, or (3) the circumstances were such that it is unlikely any attorney could have provided effective assistance. *Id.* at 659-60. We agree with the district court that none of these categories is applicable, and no reasonable jurist would conclude otherwise.

He correspondingly cannot satisfy the prejudice prong of a *Strickland* claim premised on his counsel's failure to object to the improper comments.

Second, Mr. Loya-Ramirez claims his counsel was ineffective because they failed to file a timely motion to suppress the drugs found during the traffic stop. But he does not identify any argument his lawyers should have made that would have changed the outcome. He argues the traffic stop was illegal, but the evidence showed the police stopped the car because its license plate was registered to a white car and Mr. Loya-Ramirez's car was orange. He contends the subsequent search was illegal, but a police officer testified that Mr. Loya-Ramirez consented to the search. He argues his counsel should have challenged the legality of a GPS tracker the police installed on his car before the traffic stop. The installation, however, had been approved by a judge and Mr. Loya-Ramirez does not suggest any argument his counsel should have pursued.

Third, Mr. Loya-Ramirez claims his counsel's performance fell below an objective standard of reasonableness with respect to Luis Granados-Ordonez, a coconspirator who testified for the government. Mr. Loya-Ramirez generally observes that Mr. Granados-Ordonez seemed well prepared and testified effectively, but he does not specify what an objectively reasonable attorney should have done in the face of such testimony. On the other hand, as the district court pointed out, his counsel impeached Mr. Granados-Ordonez by highlighting the benefits he received from the government in return for his testimony. Mr. Loya-Ramirez has not shown that his counsel's cross-examination of Mr. Granados-Ordonez was objectively unreasonable.

4

Finally, Mr. Loya-Ramirez claims his appellate counsel should have argued the district court erred in declining to postpone the trial to allow his counsel adequate time to prepare. He argues the district court's rejection of that claim is based on a misrepresentation of fact. The district court noted that one of his attorneys, Courtland Williams, had been on the case for six months. But Mr. Williams had moved to withdraw based on his lack of experience and resources (a motion he later withdrew), and Mr. Loya-Ramirez therefore speculates he had not been preparing for trial and only began preparing in the last few days before trial. This argument, however, is inconsistent with the trial record, which reflects that his counsel put on a vigorous defense and presented a viable defense theory. Indeed, despite the strength of the evidence, the jury acquitted Mr. Loya-Ramirez on several counts. Mr. Loya-Ramirez simply cannot show the outcome of his appeal would have changed if his appellate counsel had made this argument.

In short, no reasonable jurist would find the district court's assessment of Mr. Loya-Ramirez's ineffective assistance claims debatable or wrong.

## III.  Conclusion

We deny the request for a COA and dismiss this appeal. We grant the motion for leave to proceed in forma pauperis.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5