**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NELSON JOSE SANCHEZ-LOPEZ,

    Petitioner,

v.

PAMELA J. BONDI,[*]
United States Attorney General,

    Respondent.

No. 24-9554
(Petition for Review)

_____

**ORDER AND JUDGMENT[**]**

_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Nelson Jose Sanchez-Lopez, a native and citizen of El Salvador appearing

pro se,[1] petitions for review of an order by the Board of Immigration Appeals (BIA)

_____

[*] On February 5, 2025, Pamela J. Bondi became Attorney General of the United States.  Consequently, her name has been substituted as Respondent per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sanchez-Lopez proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in

denying his motion to reconsider an earlier BIA decision. The BIA's earlier decision dismissed his appeal of an order by an immigration judge (IJ) denying a motion to reopen and rescind an *in absentia* removal order because the motion was untimely. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Mr. Sanchez-Lopez entered the United States without inspection in 2014, when he was sixteen years old. The Department of Homeland Security (DHS) served him with a notice to appear (NTA) that same year, but he did not appear for the scheduled hearing. The IJ therefore ordered him removed *in absentia*.

In 2020, DHS detained Mr. Sanchez-Lopez per the earlier removal order. Mr. Sanchez-Lopez then filed a motion to reopen and rescind that order, which the IJ denied as untimely. Mr. Sanchez-Lopez appealed that denial, but the BIA dismissed his appeal. Mr. Sanchez-Lopez filed a petition for review, and a panel of this court denied that petition in 2023. *See Sanchez-Lopez v. Garland*, No. 22-9566, 2023 WL 4311507, at *1 (10th Cir. July 3, 2023) (unpublished).

Mr. Sanchez-Lopez then filed a motion to reconsider with the BIA. In that motion, he argued that his notice to appear was jurisdictionally ineffective under *Pereira v. Sessions*, 585 U.S. 198, 202 (2018)[2] and that equitable tolling of the

---

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] In *Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020), this court rejected the *Pereira*-based jurisdictional argument and "agree[d] with the several circuits that have held that the requirements relating to notices to appear are non-jurisdictional, claim-processing rules."

deadline for filing his motion was necessary due to prior ineffective assistance of counsel in failing to raise the *Pereira* argument. The BIA denied the motion to reconsider, concluding (1) it was untimely because Mr. Sanchez-Lopez filed it more than thirty days after its decision and (2) Mr. Sanchez-Lopez did not comply with the procedural requirements necessary to advance a claim of ineffective assistance of counsel in immigration court. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (setting forth requirements for motions to reconsider based on alleged ineffective assistance of counsel in immigration court).

This petition for review followed.

"We review the BIA's decision on a motion to reconsider for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (internal citation and quotation marks omitted).

Under the Immigration and Nationality Act, a motion for reconsideration "must be filed within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B). Mr. Sanchez-Lopez filed his motion on September 11, 2023, nearly eighteen *months* after the BIA decision of March 21, 2022. Mr. Sanchez-Lopez does not contest the untimeliness of his motion to reconsider in his petition for review, and we discern no abuse of discretion in the BIA's ruling denying reconsideration. The arguments Mr. Sanchez-Lopez does raise

3

in his petition concern the validity of the original NTA due to its English language and his age at the time of service in 2014. But these arguments do not relate to the dismissal of his untimely motion to reconsider, so we deny the petition for review.

Entered for the Court

Allison H. Eid
Circuit Judge